STATE OF MINNESOTA *vs.* E. BENSON.

November 19, 1881.

**Statute against Frauds on Hotel Keepers.**—Gen. St. 1878, c. 124, § 23, is not unconstitutional as an attempt to imprison for debt.

**Same—Complaint.**—A complaint for the third offence created by the section need not state the food or accommodation procured or the baggage removed to be of any value.

Appeal by defendant from a judgment of the district court for Martin county, *Dickinson,* J., presiding, affirming a judgment of a justice of the peace.

*Benj. G. Reynolds,* for appellant.

*William J. Hahn,* Attorney General, for the State.

GILFILLAN, C. J.* The defendant, with another, was charged before a justice of the peace, upon a written complaint under Gen. St. 1878,

* Dickinson, J., having heard this case in the district court, took no part in the decision of this appeal.

*c.* 124, § 23. The charge was that, on certain specified days, they "put up at a hotel, * * * and * * * did * * * procure food, entertainment and accommodation at the said hotel of the said Willis S. Snow, without paying therefor, with intent to cheat and defraud the said Willis S. Snow, then and there the keeper of said hotel, and did, with such fraudulent intent, on said eighth day of January, 1881, remove and cause to be removed from the said hotel their baggage and effects, consisting of one valise or satchel and its contents, while there was a lien existing thereon for the proper charges due to the said Willis S. Snow from the said H. Hayes and E. Benson for board and entertainment, as aforesaid." Before the justice the defendants pleaded guilty, and from the judgment thereon this defendant appealed to the district court upon questions of law and fact. In the district court a motion to dismiss the complaint was made on the grounds, *first*, that it does not state facts sufficient to constitute a public offence; *second*, that it purports to set forth several distinct offences, and is void for duplicity; *third*, that the statute is unconstitutional. The motion was denied. On the same grounds a motion in arrest of judgment was made and denied. The same objections are made to the complaint here.

It is claimed that the statute is unconstitutional because it attempts to imprison for debt. This is not true. The statute imposes the penalty, not because of, nor for the purpose of collecting, the debt, but because of the fraud. A prosecution and punishment under the statute in no way affects the debt.

The complaint purports to set forth only one offence—the last of the three described in the section. To the first of these offences an allegation that there was no express agreement for credit is necessary. There is no such allegation in the complaint. Of the second the fact of a false show of baggage is a necessary ingredient. No attempt is made to state that fact. No fact is stated not necessary to the last of these offences. The only objection to the sufficiency of the complaint in showing an offence, necessary to be noted, is that it does not state the food and accommodation procured, or the baggage removed, to have been of any value. Under the statute the question

of value, except so far as it may in the evidence have a bearing on the intent charged, is immaterial, and, where the fraudulent intent is properly charged, the value need not be stated.

Judgment affirmed.