## THE STATE v. ENGLE.

[No. 19,405. Filed Nov. 27, 1900. Rehearing denied March 12, 1901.]

CRIMINAL LAW.—*Removal of Baggage in Violation of Innkeeper's Act.—Affidavit.*—An affidavit charging a person with removing his baggage from a rooming house, in violation of section two of the innkeeper's act of March 3, 1897, need not contain an allegation that the defendant removed the baggage with intent to defraud the rooming house keeper. *pp. 340-342.*

SAME.—*Innkeeper's Act.—Constitutional Law.*—Section two of the act of March 3, 1897, known as the innkeeper's act, making the removal of baggage from a lodging house, by a guest, without first paying his bills, an offense punishable by imprisonment, is not in conflict with the constitutional provisions against imprisonment for debt, since the offense is for impairing the innkeeper's lien, and not for failure to pay the debt. *pp. 342, 343.*

From the Marion Criminal Court. *Reversed.*

*W. L. Taylor*, Attorney-General, *E. B. Pugh* and *J. S. Weaver*, for State.

*D. L. Brown, I. M. Holmes* and *D. L. Brown, Jr.*, for appellee.

BAKER, J.—Before a justice of the peace in Indianapolis appellee was tried and convicted on an affidavit charging

156 339
f155 617

156 339
f171 109
f171 549

him with removing his baggage from a rooming house in violation of the second section of the inn-keepers' act, hereinafter cited. On appeal to the Marion Criminal Court, appellee's motion to quash the affidavit was sustained "for the reason that the affidavit does not allege that the defendant removed the said goods with the intent to defraud the rooming house keeper". The affidavit does not contain such an allegation; and the necessity therefor is the only question presented and argued by the parties.

The first section of "an act for the protection of owners and keepers of hotels, inns, restaurants, boarding and eating houses, defining certain misdemeanors and their penalties, creating liens on certain property, and providing for the enforcement of the provisions hereof" (Acts 1897, p. 123, §§7254a-7254c Burns Supp. 1897, §§7560-7562 Horner 1897) provides that "any person or persons who shall obtain food, lodging, entertainment or other accommodations at any hotel, inn, restaurant, rooming, boarding or eating house, with intent to defraud the owner or keeper thereof, shall be fined * * * or imprisoned * * * or both". The second section reads: "Any person or persons, boarding or lodging, who have boarded or lodged, at any hotel, inn, boarding, eating, lodging house or restaurant, as provided in this act, shall not be permitted to remove any trunk, valise or other baggage therefrom, which he or they may have therein, until all claims for bills, lodging, entertainment or accommodation have been fully paid and satisfied in accordance with the regular advertised or special contract rates of said hotel, inn, boarding, eating, lodging house or restaurant, and any person or persons who shall remove or attempt to remove any such trunk, valise or baggage, or other article of value, without satisfying said claims or bills, shall be guilty of the same offenses named in section one (1) of this act, and shall be punished accordingly." The third section gives the proprietor a lien upon his guest's or boarder's baggage to the extent of his claim, and provides for the sale thereof.

Appellant claims that the guest's removal of baggage, without the proprietor's consent, and without payment of his bill, is a prohibited act, the voluntary doing of which makes the guest guilty under the second section, irrespective of the motive or intent that prompted the act. Appellee insists (1) that under the proper interpretation of the second sec-. tion the removal of baggage is not a misdemeanor unless the guest intended thereby to defraud the proprietor, and (2) that appellant's interpretation brings the second section into conflict with the constitutional provision that "there shall be no imprisonment for debt except in case of fraud". If appellant's contention is well founded, the judgment should be reversed; otherwise, not.

Appellee admits that there are no words in the second section that condition the unlawfulness of the removal of baggage upon the guest's intent to defraud the proprietor unless they are the words "as provided in this act". These words refer to the class of proprietors to be protected, who are indicated in the title and each section of the act. If these words were taken to be a limitation to the guests in section one who obtain entertainment with intent to defraud, then the guests who obtained entertainment without intent to defraud, and who subsequently conceived and acted upon a design to defraud by removing their baggage and absconding, could not be punished under section two and the proprietor's lien provided for in section three could be destroyed with impunity. The lien attaches to the baggage of every guest. The second section contains two separate declarations: (1) Every guest is forbidden to remove his baggage without paying his bill. (2) Any guest who removes or attempts to remove his baggage, unless his bill be paid, is guilty of a misdemeanor. The words "as provided in this act" are a part of the first declaration only, and, as already pointed out, refer to the proprietors and do not limit or classify the guests. In the second declaration, which creates a misdemeanor, there is no qualification what-

ever. To import into this definition of a misdemeanor
the qualification that the removal must be made with
intent to defraud the proprietor, would be to disregard the
terms actually employed by the legislature and to violate the
intent and scope of the act. The first section makes it a mis-
demeanor to obtain accommodations with intent to defraud.
The second is designed to protect the proprietor's lien upon
baggage by making it a misdemeanor to interfere with the
proprietor's right of possession. But, manifestly, if the
proprietor consents to the removal, no offense is committed,
because the removal would then be as much the act of the
proprietor as of the guest.

If an act, of itself colorless in moral quality, is made
*malum prohibitum* by statute, the voluntary doing of the
act, regardless of the intent, constitutes the offense. In
*Walls* v. *State,* 7 Blackf. 572, appellant was held guilty of
carrying concealed weapons, though he carried the pistol,
not as a weapon, but as a curiosity. The publication of for-
bidden matter is a misdemeanor, despite the publisher's in-
tention to benefit the public. *Regina* v. *Hicklin,* L. R. 3
Q. B. 360; *Steele* v. *Brannan,* L. R. 7 C. P. 261. The
board of supervisors' refusal to audit and allow a judge's
account was held to be a misdemeanor, notwithstanding the
board's claim of discretionary power. *Morris* v. *People,*
3 Denio 381. Police commissioners were adjudged guilty
of a misdemeanor in removing election inspectors without
notice, although they were inspired by commendable motives
and believed they were acting within the law. *Gardner* v.
*People,* 62 N. Y. 299. Ignorance of the nature of the
articles sold is no defense under a statute that forbids the
sale. *Commonwealth* v. *Weiss,* 139 Pa. St. 247, 21 Atl.
10, 11 L. R. A. 530; *Eagle* v. *Nowlin,* 94 Fed. 646. In the
last two cases many additional illustrative decisions are col-
lected.

There is no doubt of the legislature's right to enlarge the
innkeeper's common law lien and extend it to keepers of

boarding-houses and the like. There is no doubt of the legislature's right to protect that lien, like the lien of the chattel-mortgagee, by declaring it a misdemeanor to remove the chattels,—unless the punishment be found to be imprisonment for debt. True, a lien is an incident to a debt. But a lien and a debt are not one and the same. If a guest, without fraud, incurs a debt of $100 and has but $10 worth of baggage, he may quit at his pleasure, leaving his baggage, and he can not be imprisoned for failure to pay the debt. When the proprietor has sold the baggage for $10, the lien is gone, but $90 of the debt is unpaid. If the guest remove the baggage, without the proprietor's consent, not only is the debt unpaid, but the lien is jeopardized and probably made ineffectual. The guest may then be imprisoned, not for failure to pay the debt, but for impairing the efficacy of the lien.

In charging an offense under a statute like the present one, it is sufficient to allege that the defendant unlawfully did the prohibited act. 1 Bishop's Crim. Proc. §523; 1 Bishop's Crim. Law §345, subd. 4.

Judgment reversed, with directions to overrule the motion to quash.