## CLARK v. THE STATE OF INDIANA.

[No. 21,200.   Filed June 2, 1908.   Rehearing denied October 16, 1908.]

1. STATUTES.—*Repeal.*—*Fraudulently Obtaining Board.*—*Innkeepers.*—*Criminal Law.*—The act of 1905 (Acts 1905, p. 584), codifying the criminal law, did not repeal the act of 1897 (Acts 1897, p. 123, §7848 Burns 1908), making it a misdemeanor fraudulently to obtain board or lodging.   p. 106.

Clark *v.* State—171 Ind. 104.

2. STATUTES.—*Repeal.—Codification Commission.—Duties.*—The·act of 1903 (Acts 1903, p. 391) creating a codification commission and directing it to codify the criminal laws and to "omit all parts repealed or obsolete," had reference only to laws theretofore repealed or obsolete.  p. 107.

3. WORDS AND PHRASES.—*"Purview."—Statutes.*—The word "purview," as used in the repealing clause of the public offenses act of 1905 (Acts 1905, p. 584) providing that all "laws within the purview" of such act were thereby repealed, imports the body of such act—that part between the enacting and repealing clauses. p. 107.

4. CONSTITUTIONAL LAW. — *Debt. — Imprisonment. — Fraudulently Obtaining Board.*—The act of 1897 (Acts 1897, p. 123, §7848 Burns 1908), making it a misdemeanor fraudulently to obtain board or lodging, does not conflict with Art. 1, §22, of the Constitution, prohibiting imprisonment for debt except in case of fraud, such provision applying to civil cases where creditors attempt to collect debts by coercing payment by means of imprisonment.  p. 107.

5. STATUTES.—*Definiteness.—Fraudulently Obtaining Board.*—The act of 1897 (Acts 1897, p. 123, §7848 Burns 1908), making it a misdemeanor fraudulently to obtain board or lodging, is not void for indefiniteness.  p. 108.

6. INDICTMENT AND INFORMATION.—*Fraudulently Obtaining Board.*—An affidavit charging that defendant "did then and there unlawfully obtain food and lodging * * * with intent then and there to defraud" a certain hotel keeper, sufficiently charges the crime of unlawfully obtaining board and lodging under §7848 Burns 1908, Acts 1897, p. 123.  p. 108.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Prosecution by The State of Indiana against George W. Clark.  From a judgment of conviction, defendant appeals. *Affirmed.*

*Lesh & Lesh,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, H. M. Dowling* and *E. M. White,* for the State.

MONTGOMERY, J.—Appellant was convicted upon a charge of having fraudulently obtained food and lodging at a hotel in Huntington county.  The body of the affidavit upon which he was prosecuted reads as follows: "Elda J. McKowen, being duly sworn, on oath says: That George W. Clark, on

the 25th day of June, A. D. 1905, at and in said county and State aforesaid, did then and there unlawfully obtain food and lodging, to wit, of the value of $12, at the Union House, a hotel then and there owned and kept by said Elda J. Mc-Kowen, without having paid for same, and with intent then and there to defraud said Elda J. McKowen."

Appellant's motion to quash the affidavit, for the reasons that (1) the facts stated do not constitute a public offense, and (2) the offense is not stated with sufficient certainty, and also his motion in arrest of judgment, were overruled; and these rulings are properly assigned as errors upon appeal.

This prosecution was founded upon section one of an act entitled "An act for the protection of owners and keepers of hotels, inns, restaurants, boarding- and eating-houses, defining certain misdemeanors and their penalties, creating liens on certain property, and providing for the enforcement of the provisions hereof," which reads as follows: "That any person or persons who shall obtain food, lodging, entertainment or other accommodations at any hotel, inn, restaurant, rooming, boarding- or eating-house with intent to defraud the owner or keeper thereof, shall be fined not exceeding $25, or imprisoned in the county jail or city workhouse not exceeding sixty days, or both." Acts 1897, p. 123, §7848 Burns 1908.

Appellant's counsel contend that the section just quoted was repealed by the General Assembly of 1905, and attempt to support their contention by referring to the act of 1903 (Acts 1903, p. 391) authorizing the appointment of a codification commission, which provided that: "Said commission in compiling, revising and codifying the statute laws aforesaid, shall omit all parts repealed or obsolete and insert all amendments necessary to make all laws complete." Our attention is further called to the creation of the commission, and the fact that it submitted to the General Assembly of 1905 a criminal code, dealing compre-

hensively with offenses against the person, and offenses against property, and repealing all laws within the purview of the act, which act was finally adopted and approved March 10, 1905 (Acts 1905, p. 584). The act of 1897, *supra,* upon which the prosecution was based, is not carried forward and embodied in the criminal code of 1905, and counsel insist that it falls within the purview of the latter act, and was by necessary implication thereby repealed. The direction in the act creating a codification commission to omit obsolete and repealed laws manifestly referred to such laws as had theretofore been repealed or become obsolete, but still appeared in certain compilations of the statutes, and could have no allusion to any laws which should be repealed by the adoption of such acts as the commission itself might recommend. By the repealing clause of the public offenses act of 1905 only former "laws within the purview" of that act were repealed. The legal meaning of the word "purview" was recently under consideration by this court, and it was in effect held that only former statutes relating to cases covered in the body of the repealing act were within its purview, and that the provisions of no existing law in relation to cases not provided for by the later act were thereby repealed. *State, ex rel., v. Ives* (1906), 167 Ind. 13. It is our conclusion that the statute of 1897, *supra,* was not repealed, either by implication or by the repealing clause of the act of 1905, *supra.*

It is next contended that the statute upon which this case is founded contravenes the provision of our state Constitution, which declares that "there shall be no imprisonment for debt, except in case of fraud.". Constitution, Art. 1, §22. The exception in cases of fraud is broad enough to include fraud in contracting, as well as in avoiding payment of a debt. *Baker v. State, ex rel.* (1887), 109 Ind. 47; 16 Am. and Eng. Ency. Law (2d ed.), 25. But it is plain that this constitutional inhibition was directed

against imprisonment for debt, in civil actions, at the instance of the creditor with a view to coercing payment of his debt, and had no reference to such actions as might be brought by the State through its officers in the interests of good morals and honest dealing, and this statute is not subject to the constitutional objection urged. *Ex parte King* (1893), 102 Ala. 182, 15 South. 524; *State* v. *Benson* (1881), 28 Minn. 424, 10 N. W. 471; *State* v. *Yardley* (1895), 95 Tenn. 546, 32 S. W. 481, 34 L. R. A. 656.

Appellant's counsel further argue that the statute is invalid upon its face for the reason that it does not sufficiently define and describe the offense, and that the affidavit is insufficient because it does not state any facts constituting the alleged fraud. It is contended that the matter to which the fraud relates is not clear from the statute, but we are of the opinion that the criticisms advanced are not well founded. The statute declares it to be a misdemeanor for any person to obtain food, lodging, entertainment or other accommodations at any hotel, inn, restaurant, rooming-, boarding- or eating-house with intent to defraud the owner or keeper thereof, and the only subject to which the fraudulent intent could with any plausibility relate is the price or value of the food, lodging or other accommodations obtained of such owner or keeper. This offense is clearly distinguishable from that of obtaining money or property by means of false pretenses. The keepers of hotels, inns, rooming- and eating-houses are peculiarly subject to be victimized by dishonest, transient guests. The conduct of their business, under ordinary circumstances, precludes any inquiry into the character or financial resources of their temporary guests. The food, lodging and accommodation desired are furnished upon application in the ordinary way without any affirmative representation as to ability to make payment. The criminality consists not in the manner of obtaining the food and entertainment, but in the fraudulent purpose with which the act is done. Fraudulent

intent is a mere state or condition of mind, and constitutes an ultimate fact in the definition of any offense of which it is made an ingredient. The statute is accordingly sufficient in this respect, and the affidavit in the language of the statute upon the subject of intent meets the requirements of good criminal pleading. *State* v. *Engle* (1901), 156 Ind. 339; *State* v. *Miller* (1884), 98 Ind. 70; *Semon* v. *State* (1902), 158 Ind. 55; *Shinn* v. *State* (1879), 68 Ind. 423; *State* v. *Beach* (1897), 147 Ind. 74, 36 L. R. A. 179.

The character and sufficiency of evidence necessary to establish the fraudulent intent charged are not involved in this appeal.

The court rightly overruled appellant's motion to quash the affidavit and motion in arrest of judgment, and the judgment is affirmed.