# STATE v. WALTER HARRIS.[1]

July 14, 1916.

Nos. 19,648—(3).

**Constitution — class legislation — larceny by building contractor.**

1. Chapter 105, Laws 1915, which provides that the misuse by a contractor, with intent to defraud, of moneys paid to him by the landowner for whom the contractor is making improvements on the land shall be larceny, is not class legislation.

**Same — imprisonment for debt.**

2. The statute is not legislation resulting in imprisonment for debt. The purpose of the statute is to punish a fraudulent act because of the fraud, not to collect a debt.

Defendant was indicted by the grand jury for the crime of larceny as defined in Laws 1915, p. 138, c. 105. Defendant's demurrer to the indictment was overruled in the district court for Hennepin county, Steele, J., who certified the question involved to this court. Affirmed.

*Lyndon A. Smith,* Attorney General, *Egbert S. Oakley,* Assistant Attorney General, and *John M. Rees,* County Attorney, for plaintiff.

*Mathias Baldwin,* for defendant.

SCHALLER, J.

Defendant Walter Harris was indicted by the grand jury of Hennepin county, charged with the crime of larceny as defined by chapter 105, p. 138, Laws 1915. He demurred to the indictment, on the ground that it did not state facts sufficient to constitute a public offense. The demurrer was overruled, and the question whether the facts stated in the indictment constitute a public offense was certified to this court.

The defendant argues that the statute under which this indictment is brought is unconstitutional, because it is class legislation, and because the result of the legislation is imprisonment for debt.

[1] Reported in 158 N. W. 829.

The statute (Laws 1915, p. 138, c. 105, § 1), so far as here material, reads as follows:

"Any contractor or subcontractor on any improvement to real estate within the meaning of section 7020, General Statutes 1913, who, with intent to defraud, shall use the proceeds of any payment made to him on account of such improvement by the owner of such real estate or person having any improvement made, for any other purpose than the payment for labor, skill, material and machinery contributed to such improvement, while any such labor performed, or skill, material or machinery furnished for such improvement at the time of such payment remains unpaid for, shall be guilty of larceny of the proceeds of such payment so used."

Section 7020, G. S. 1913, above referred to, reads as follows:

"Whoever contributes to the improvement of real estate by performing labor, or furnishing skill, material or machinery, for any of the purposes hereinafter stated, whether under a contract with the owner of such real estate or at the instance of any agent, trustee, contractor, or subcontractor of such owner, shall have a lien upon said improvement, and upon the land on which it is situated or to which it may be removed, for the price or value of such contribution; that is to say, for the erection, alteration, repair, or removal of any building, fixtures, bridge, wharf, fence, or other structure thereon, or for grading, filling in, or excavating the same, or for digging or repairing any ditch, drain, well, fountain, cistern, reservoir or vault thereon, or for laying, altering or repairing any sidewalk, curb, gutter, paving, sewer, pipe or conduit in or upon the same, or in or upon the adjoining half of any highway, street or alley upon which the same abuts."

The indictment sets up that the defendant "on or about the 25th day of May, A. D. 1915, at the city of Minneapolis, in said Hennepin county, Minnesota, then and there being, did wilfully, unlawfully, wrongfully, knowingly and feloniously, with intent to defraud, use for other purposes than the payment of labor, skill, material and machinery contributed to improvements, hereinafter described, the sum of six hundred and sixteen dollars ($616.00), * * * paid to him by one Augusta L. Dunn, on or about the 22d day of May, A. D. 1915, on account of certain improvements, to-wit: a dwelling house, then being erected for said Augusta

L. Dunn on certain real estate in said city, county and state * * * said dwelling house and improvements then being erected and constructed by said Walter Harris for said Augusta L. Dunn under a contract so to do, he the said Walter Harris then and there being a contractor for that purpose and at said time there was due to divers other persons * * * and unpaid, for labor performed and material furnished in and for such improvements, a sum in excess of nine hundred dollars; said money first aforesaid being then and there the personal property of and belonging to said Augusta L. Dunn, he the said Walter Harris did then and there wilfully, unlawfully, wrongfully, knowingly and feloniously appropriate said money to his own use and embezzle the same, without the consent of the said Augusta L. Dunn, and with intent then and there had and entertained, by him the said Walter Harris, to defraud the said Augusta L. Dunn * * *."

1. It is contended that the legislature, by declaring that the acts set forth in the statute shall constitute larceny, has been guilty of class legislation, that it has selected a certain class of improvements to real estate under which a lien might accrue, and has made criminal the failure of the contractor to pay to possible lienholders moneys received by him from the landowner.

"It is within the exclusive power of the legislature to declare what acts shall constitute a crime, to define the same, and to provide such punishment therefor as may be deemed appropriate." State v. Shevlin-Carpenter Co. 99 Minn. 158, 108 N. W. 935, 9 Ann. Cas. 634. Legislation making certain acts criminal is not class legislation, merely because it affects a class of people who are prone to commit the forbidden acts. Laws enacted by the legislature are presumed to be valid, and any attack upon them must clearly point out in what respects the legislature has overstepped the limits set by the Constitution. A classification for purposes of legislation is, in the first instance, a matter to be considered and determined by the legislature itself. When these questions have been passed upon by the legislature, its judgment is conclusive, unless it can be pointed out that the classification adopted is "purely fanciful and arbitrary, and that no substantial or logical basis exists therefor." Mathison v. Minneapolis Street Ry. Co. 126 Minn. 286, 148 N. W. 71.

This statute (Laws 1915, p. 138, c. 105), does not select any class of

persons for special consideration, but declares that certain acts done by certain persons under certain circumstances, and with a fraudulent intent, shall constitute larceny. The legislature has power to pass such an act, and the exercise of that power under the circumstances here shown is not class legislation.

2. Defendant further contends that the result of this statute is to subject him to imprisonment for debt. The same charge was made against a statute which imposed a penalty for defrauding a hotel-keeper. State v. Benson, 28 Minn. 424, 10 N. W. 471. Here, as in that case, the purpose of the statute is not to imprison for debt, but to punish the fraud. The statute imposes the penalty, not because of the debt nor for the purpose of collecting the same, but because of the fraud. A prosecution under the statute does not affect the debt. State v. Benson, supra.

We are cited to the decision in Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513, 1 L.R.A. 777, 12 Am. St. 663, as being conclusive against the state in the case at bar. When, however, that case is examined, it will be found to sustain the legislation here in question, rather than to overturn it. The "intent to defraud" which is the gist of the act of 1915 was not contained in the act there under consideration, and it is the "intent to defraud" which makes unlawful and criminal the acts prohibited by the statute.

No innocent man can possibly be injured by the provisions of the act of 1915. Only the contractor who diverts money with the evil intent to defraud need fear the law.

Order affirmed.