[Crim. No. 3956.  In Bank.—March 18, 1936.]

In the Matter of the Application of SHELBY MURDOCK for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Appellant.

Harold Judson for Respondent.

THOMPSON, J.—A demand was issued by the Governor of the state of Montana for the return of petitioner and he was taken into custody upon a warrant of rendition in which the crime stated was that of "Escape, a felony". The peti-

tioner filed his petition for the writ of *habeas corpus* in the Superior Court in Los Angeles County, and upon return being made thereto and the taking of evidence, the petitioner was discharged. An appeal was taken by the People to the District Court of Appeal, and after decision of that court the cause was transferred here for further consideration.

■ The petitioner having made a motion to dismiss the appeal, the first question with which we are confronted is whether an appeal may be taken by the People in such a situation. Prior to the passage of section 1506 of the Penal Code in 1927, an appeal would not lie after discharge on *habeas corpus*. (*In re Zany*, 164 Cal. 724 [130 Pac. 710].) In other words, a discharge by the superior court was final and conclusive. However, in order to make it impossible for one convicted of an offense prosecuted by indictment or information, to escape punishment without giving the state a right to test the correctness of the ruling of the superior court, the legislature enacted the section mentioned, which reads as follows: "An appeal may be taken to the district court of appeal by the people from a final order of a superior court made upon the return of a writ of *habeas corpus* discharging a defendant after his conviction, in all criminal cases prosecuted by indictment or information in a court of record, excepting criminal cases where judgment of death has been rendered, and in such cases to the supreme court; and in all criminal cases prosecuted by indictment or information in a court of record, where upon appeal or original application after conviction of the defendant an application for a writ of *habeas corpus* has been heard and determined in a district court of appeal, either the defendant or the people may apply for a hearing in the supreme court. Such appeal shall be taken and such application for hearing in the supreme court shall be made in accordance with rules to be laid down by the judicial council. If the people appeal, or petition for hearing in either the district court of appeal or the supreme court, the defendant shall not, in any case in which the judgment of conviction has become final, be discharged from custody pending final decision upon the appeal or petition for hearing and he must, in such cases, be retaken into custody if he has been discharged; provided, however, that in bailable cases the defendant may be admitted to bail, in the discretion

of the judge, pending decision of the appeal or petition for hearing.''

It is not disputed that Murdock had been convicted of the offense of forgery, an offense prosecuted by indictment or information under the laws of Montana. Hence it becomes necessary for us to determine whether the language of the section is broad enough to cover the case of one who has been convicted of an offense and has committed a separate offense by effecting an escape. The crime of ''escape'' is defined by the statutes of Montana as follows: ''Every prisoner confined in state prison for a term less than for life, who escapes therefrom, is punishable by imprisonment in the state prison for a term of not less than one year nor more than ten years; said second term of imprisonment to commence from the time he would have otherwise been discharged from said prison.'' (Revised Codes of Montana, vol. 2, sec. 8222.) It is in all essentials the same as that stated in section 105 of our Penal Code. Two things must be observed: First, that in order to be guilty of the offense the person must first have been convicted and sentenced and confined in a state prison, and second, the first term must be completed before the other can start to run. Hence if the order of the superior court is final the petitioner not only escapes trial on the second charge, but escapes serving the remainder of his term for the first offense. As we have already observed, however, the legislature of this state has attempted to prevent a person from escaping punishment by a proceeding in *habeas corpus* in the superior court without giving the People an opportunity to test the correctness of the ruling in the appellate tribunals. While it is a fact that the warrant of rendition charged an offense of which petitioner had not been convicted, yet the situation presented is one falling within the letter of the enactment and we think the purpose of the act will be served by holding that the case is one comprehended thereby. We entertain no doubt that if a convict escaped from state prison in this state and were apprehended for escape, an appeal by the People would lie from an order of discharge (assuming, of course, the necessity for such action) and there should be no difference in result simply because petitioner stands convicted in a sister state.

We ·may therefore turn to the merits of the appeal. It is not disputed that petitioner was confined in Montana and escaped. It is difficult for us to understand upon what theory he could have been discharged. The sole ground urged for his release was that he was not a fugitive from justice and that he had been informed by the warden of Montana state prison by telegram and letter that he was not wanted. The demand for Murdock's return and the warrant of rendition are not attacked. It has long been understood that for the purposes of extradition between states it is immaterial what motive induced the departure from the state where the offense was committed. (*Drew* v. *Thaw*, 235 U. S. 432, 439 [35 Sup. Ct. 137, 59 L. Ed. 302], and cases cited.) It is sufficient under the federal Constitution (art. IV, sec. 2) if he be found in the state where the warrant is issued. In *Roberts* v. *Reilly*, 116 U. S. 80, 92, 96 [6 Sup. Ct. 291, 29 L. Ed. 544], it is said: ''To be a fugitive from justice, in the sense of the act of Congress regulating the subject under consideration, it is not necessary that the party charged should have left the state in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding a prosecution anticipated or begun, but simply that having within a state committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense, he has left its jurisdiction and is found within the territory of another.''

Whether the petitioner is guilty of an offense under the laws of Montana or whether he has a good defense to the charge by reason of the lapse of time or otherwise are questions for the courts of that state, rather than for the tribunals of this commonwealth. In interstate extradition proceedings it is not the purpose of the writ of *habeas corpus* to substitute the judgment of a tribunal of the state where the accused is apprehended upon the facts or the law of the matter to be tried. (*Drew* v. *Thaw, supra.*) Nor is it proper to be governed by speculation as to what ought to be the result of the trial in the demanding state.

While the foregoing requires the reversal of the order of discharge, it is altogether proper to note that while petitioner claims to have been traveling under his own name and was desirous of clearing his name so that he might be married,

yet he admits that he was subsequently convicted in Oregon of "Assault with a deadly weapon, robbery and assault with a deadly weapon" and, about eight or nine months prior to this proceeding, was convicted of attempted burglary. The petitioner should be returned for proceedings in Montana in accordance with the demand of the Governor of that state.

It is ordered that the writ be discharged and that petitioner be remanded to the custody of the sheriff of Los Angeles County for rendition in accordance with the warrant issued by the Governor of California.

Seawell, J., Shenk, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.