[Crim. No. 1066.   Fourth Dist.   Jan. 13, 1956.]

In re FRANCIS B. URAN, on Habeas Corpus.

Woodrow Wilson for Petitioner.

James Don Keller, District Attorney (San Diego), and Robert W. Knowlton, Deputy District Attorney, for Respondent.

MUSSELL, J.—This is a proceeding in habeas corpus. Petitioner was charged with grand larceny, second degree, in violations of sections 622.06 and 514.02, Minnesota Statutes Annotated.   Two complaints were filed in the Municipal Court in the City of Minneapolis.   The first complaint was filed July 28, 1951, and a warrant of arrest issued thereon on the same day.   The second complaint was filed September 21, 1955, and a second warrant issued.   On September 21, 1955, application was made to the Governor of Minnesota to issue a requisition upon the Governor of the State of California for the extradition of petitioner, who was then in California and was alleged to be a fugitive from justice.   A requisition was issued to the Governor of California and he issued a warrant of rendition thereon.   Petitioner is now detained by the sheriff of the county of San Diego pursuant to an order of the superior court of said county.

Petitioner contends that said criminal complaints failed to state a public offense; "that section 514.02 of the Statutes of Minnesota upon which the complaint is based, constitutes an unlawful interference with the inalienable right of contract; provides for imprisonment for debt; and abridges the privileges and immunities of a citizen of the United States contrary to Article I, section 10, Article IV, section 2; Amendment XIII and Amendment XIV of the Constitution of the United States, and said statute is therefore void and of no effect."

The statutes involved read as follows:

"622.06. Every person who, under circumstances not amounting to grand larceny in the first degree, in any manner specified in this chapter, shall steal or unlawfully obtain or appropriate: (1) Property of the value of more than $25 but not exceeding $500 in any manner whatever

"Shall be guilty of grand larceny in the second degree, and punished by imprisonment in the state prison for not more than five years, or by imprisonment in the county jail for not exceeding one year or by fine of not more than $500."

"514.02. Any contractor or subcontractor on any improvement to real estate within the meaning of section 514.01, who, with intent to defraud, shall use the proceeds of any payment made to him on account of such improvement by the owner of such real estate or person having any improvement made, for any other purpose than the payment for labor, skill, material, and machinery contributed to such improvement, while any such labor performed, or skill, material, or machinery furnished for such improvement at the time of such payment remains unpaid for, shall be guilty of larceny of the proceeds of such payment so used."

We conclude that the contentions of petitioner are without merit and are of the opinion that he cannot test the constitutionality of section 514.02 of the Minnesota statutes in the California courts.

In *Johnson* v. *Matthews*, 182 F.2d 677, 679, the court said:

"The question before us is whether a court (either state or federal) in the asylum state can hear and determine the constitutional validity of phases of the penal action by the demanding state in respect to the fugitive or his offense. We think that it cannot do so. Authorities, sound theory of government, and the practical aspects of the problem all require that conclusion."

This language was quoted with approval in *In re Backstron*, 98 Cal.App.2d 500, 501, 502 [220 P.2d 742]. ■ It is held in *In re Murdock*, 5 Cal.2d 644, 648 [55 P.2d 843], that:

"In interstate extradition proceedings it is not the purpose of the writ of *habeas corpus* to substitute the judgment of a tribunal of the state where the accused is apprehended upon the facts or the law of the matter to be tried."

■ In *Collins* v. *Traeger*, 27 F.2d 842, 846, the court held that the question of the constitutionality of the statutes of the demanding state under which petitioner was charged was primarily for the court having jurisdiction of the charge. And in *Pearce* v. *State of Texas*, 155 U. S. 311 [15 S.Ct. 116, 39 L.Ed. 164], it is said, quoting from the syllabus, that "The courts of a state from which a fugitive from justice is demanded on extradition do not deny to such person any rights secured to him by the constitution and laws of the United States by refusing to pass on the constitutionality of the statute of the demanding state under which the indictment against such person is sufficient."

In the instant case the record shows that the charges against petitioner were based on two statutes and that petitioner does not attack the constitutionality of section 622.06. In *State* v. *Harris*, 134 Minn. 35 [158 N.W. 829], it was held that an indictment charging an offense in substantially the same language used in the instant case stated a public offense under the statutes of Minnesota.

The writ is discharged and petitioner is remanded to the custody of the sheriff of San Diego County.

Barnard, P. J., and Griffin, J., concurred.