STATE v. ROBERT BELL.

(Filed 11 October, 1933.)

**1. Homicide B a—**

Each party to a conspiracy to burglarize or rob a home is guilty of murder in the first degree if any one of the conspirators commits murder in an attempt to perpetrate the burglary or robbery. C. S., 4200.

**2. Criminal Law F d—Court should hear plea of former jeopardy in prosecution for crime including crime for which prisoner was tried.**

Where a defendant has been placed in jeopardy on an indictment charging conspiracy to burglarize a certain home and with burglariously robbing said home, and a judgment of not guilty entered, and thereafter the defendant is placed on trial on an indictment charging conspiracy to commit murder and murder of the occupant of the home, who was killed by one of the conspirators in an attempt to commit the burglary or robbery, and it appears that both the attempted robbery and the murder arose out of the same transaction, and that the death of deceased occurred prior to the first indictment and that in so far as the defendant is concerned the same facts necessary to a conviction on the second indictment would have necessarily convicted him on the first, the defendant's plea of former jeopardy entered in the trial of the second indictment should have been heard by the court, the burden of proof on the plea being upon defendant.

**3. Criminal Law F b—Time from which jeopardy attaches.**

Jeopardy attaches to a defendant when he is placed on trial on a valid indictment before a court of competent jurisdiction after arraignment and plea and after the jury has been empaneled for the trial, and in this case the record, though indefinite, is held to sufficiently show that the defendant had been placed in jeopardy.

**4. Criminal Law F f—**

The burden of proof on a plea of former jeopardy is on defendant.

APPEAL by defendant, Robert Bell, from *Clement, J.,* at April Term, 1933, of MACON.

Criminal prosecution tried upon indictment charging the defendants, in one count, with conspiracy to murder George Dryman, and, in a second count, with the murder of the said George Dryman. The defendant, Robert Bell, entered pleas of not guilty and former jeopardy.

The deceased was a farmer, eighty-four years of age, living in Macon County with his three maiden daughters. It was known that he kept a sum of money, which later proved to be about $2,300, in a trunk in his house. The defendants conceived the idea of robbing the old man of his money, so on the night of 23 January, 1933, they first went to the home of Ernest Stamey and there masked themselves. They then got in Robert Bell's car and were driven to a point near the Dryman home. Here, the other defendants left the car with the understanding that

STATE *v.* BELL.

Robert Bell should drive down the Georgia road and wait there for his confederates and pick them up after they had accomplished the robbery.

In attempting to perpetrate the robbery, one of the conspirators struck George Dryman over the head with a board, inflicting injuries from which he died about three weeks later. They did not get the money.

At the April Term, 1933, Macon Superior Court, which was a two-weeks term, it seems that the solicitor sent two bills before the grand jury, each containing two counts.

In the first bill, J. R. Bell, Ernest Stamey, Robert Bell, Louise Stamey, Clyde Woods and Mell Holden were charged (1) with conspiring to burglarize the home of George Dryman, and (2) with burglariously robbing said home.

It is alleged that some of the defendants, including the defendant, Robert Bell, were tried upon this indictment during the first week of the term and that "at the close of the evidence, the solicitor for the State took a judgment of not guilty as to the defendant, Robert Bell." The record is silent as to what the verdict was as to the other defendants then on trial.

In the second bill sent before the grand jury, J. R. Bell, Robert Bell, Ernest Stamey, Clyde Woods and Mell Holden were charged (1) with the conspiracy to murder George Dryman, and (2) with the murder of the said George Dryman.

The record states that Ernest Stamey, Clyde Woods and Robert Bell were tried during the second week of the term upon this bill. J. R. Bell and Mell Holden were not put on trial for the reason that J. R. Bell had not been taken and Mell Holden was dead.

Upon the call of the case, the defendant, Robert Bell, entered a plea of former jeopardy, and offered to show that at the same term of court he had been tried and acquitted on the first bill above mentioned. The court ruled that his plea was not good and excluded the evidence. Exception.

The three defendants then on trial were convicted of murder in the second degree and from the judgment pronounced thereon of "imprisonment in the State's prison of not less than 25 nor more than 30 years," the defendant, Robert Bell, appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Edwards & Leatherwood for defendant.*

STACY, C. J. The case was tried upon the theory that if the defendants conspired to burglarize or to rob the home of George Dryman and a murder were committed by any one of the conspirators in the attempted perpetration of the burglary or robbery, each and all of the defendants

would be guilty of the murder. This is a correct proposition of law. *S. v. Donnell,* 202 N. C., 782, 164 S. E., 352; *S. v. Miller,* 197 N. C., 445, 149 S. E., 590. It is provided by C. S., 4200 that a murder "which shall be committed in the perpetration or attempt to perpetrate any . . . robbery, burglary or other felony, shall be deemed to be murder in the first degree."

The evidence discloses that the conspiracy was to rob, and not to murder, George Dryman; that the homicide was committed in the attempted perpetration of the robbery; and the defendant, Robert Bell, offered to show, under his plea of former jeopardy, that he had theretofore been tried and acquitted on the charge of a conspiracy to rob the deceased.

It is clear that the attempted robbery and the homicide grew out of the same transaction, and so far as Robert Bell is concerned, the facts required to convict him on the second indictment would necessarily have convicted him on the first. *S. v. Freeman,* 162 N. C., 594, 77 S. E., 780; *S. v. Hankins,* 136 N. C., 621, 48 S. E., 593; *S. v. Lawson,* 123 N. C., 740, 31 S. E., 667; *S. v. Cross and White,* 101 N. C., 770, 7 S. E., 715; *S. v. Nash,* 86 N. C., 650.

It is true, there is a difference between a conspiracy to burglarize a house with intent to commit robbery therein, and a conspiracy to burglarize it with intent to commit murder (*S. v. Allen,* 186 N. C., 302, 119 S. E., 504), but here the murder was incidental to the attempted robbery, as all the evidence shows, and upon this theory the case has been tried.

There was but one act, one intent and one volition, so far as Robert Bell is concerned. 8 R. C. L., 144. He only furnished the conveyance, and remained a distance from the scene of the crime, nevertheless, he was one of the conspirators. *S. v. Whitehurst,* 202 N. C., 631, 163 S. E., 683. It will be observed the death of the deceased did not intervene between the first and second indictments. 8 R. C. L., 148.

In a case practically on all-fours with the one at bar, *S. v. Mowser,* 92 N. J. L., 474, 106 Atl., 416, 4 A. L. R., 695, the New Jersey Court of Errors and Appeals held that where robbery is by statute made a constituent element of murder in the first degree when death ensues in the perpetration of the robbery, a conviction of robbery will be a bar to a prosecution for a murder arising out of the same transaction:

In discussing the principles determinative of the question presented, the Court said:

"The principle to be extracted from well-considered cases is that by the term, 'same offense,' is not only meant the same offense as an entity and designated as such by legal name, but also any integral part of such offense which may subject an offender to indictment and punishment.

*Reg. ex rel. Thompson v. Walker,* 2 Moody & R., 457; *Reg. v. Stanton,* 5 Cox, C. C., 324.

"When such integral part of the principal offense is not a distinct affair, but grows out of the same transaction, then an acquittal or conviction of an offender for the lesser offense will bar a prosecution for the greater.

"To adopt any other view would tend to destroy the efficacy of the doctrine governing second jeopardy which is embedded in our organic law as a safeguard to the liberties of the citizens.

"In discussing this interesting topic, Mr. Bishop, in Vol. 1, 5th ed., paragraph 1057, of his learned treatise on Criminal Law, says: 'But where the conviction or acquittal is upon an indictment covering no more than one of the smaller crimes, included, as before mentioned, within a larger, the question arises, whether this will bar an indictment embracing one of the larger. If it will not bar, then the prosecutor may begin with the smallest, where there are several crimes included with one another, and obtain successive convictions ending with the largest; while, if he had begun with the largest, he must there stop, a conclusion repugnant to good sense. Besides, as the larger includes the smaller, it is impossible a defendant should be convicted of the larger without being convicted of the smaller; and thus, if he has been already found guilty of the smaller, he is, when on trial for the larger, in jeopardy a second time for the same, namely, the smaller offense. Some apparent authority, therefore, English and American, that a jeopardy for the less is no bar to an indictment for the greater, must be regarded as unsound in principle; while the doctrine which holds it to be a bar rests firmly on adjudication also.' "

The point is made that the record is too indefinite to show the result of the first trial. The record is indefinite, but jeopardy attaches when a defendant in a criminal prosecution is placed on trial: (1) On a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn to make true deliverance in the case. *S. v. Ellis,* 200 N. C., 77, 156 S. E., 157; 16 C. J. 236-237.

It is also observed the date of the alleged offenses is laid in the indictments as 17 April, 1933, the date on which the term of court convened. The evidence shows that the attempted robbery took place on 23 January, 1933, and the deceased died 12 February following.

The defendant has the burden of proof (*S. v. White,* 146 N. C., 608, 60 S. E., 505) on his plea in bar, and he may not be able to make it good, but the court erred in declining to hear him on his plea of former jeopardy. *S. v. King,* 195 N. C., 621, 143 S. E., 140; *S. v. Ellsworth,* 131 N. C., 773, 42 S. E., 699.

New trial.