STATE *v.* VAUGHAN AND STATE *v.* CATENA AND STATE *v.* SMITH.

defendant the sum of $4,586.20 with interest ($5,000.00, the face amount of the policy, less $413.80).

Error and remanded.

STATE v. HARTWELL C. VAUGHAN
AND
STATE v. JOSEPH W. CATENA
AND
STATE v. CLYDE EUGENE SMITH.

(Filed 21 September, 1966.)

**1. Criminal Law § 26—**
Where judgments as in case of nonsuit are entered in a criminal prosecution on the ground that the evidence offered by the State was insufficient to warrant its submission to the jury, defendants have been subjected to jeopardy.

**2. Criminal Law § 104.1—**
A judgment of nonsuit entered for insufficiency of the State's evidence to warrant its submission to the jury has the force and effect of a verdict of not guilty of the offense charged in the warrant or indictment G.S. 15-173.

**3. Criminal Law § 142—**
An appeal may be taken by the State in criminal prosecutions only in those instances specified in G.S. 15-179.

**4. Same; Hunting § 1—**
Defendants were prosecuted for violation of G.S. 113-109(b). The offense is defined in the first sentence of this statute, and the second sentence of the statute provides that proof of certain facts should constitute *prima facie* evidence of the violation of the provisions of the preceding sentence. Judgment of nonsuit was entered at the conclusion of the State's evidence on the ground that, although the State had proved a *prima facie* case pursuant to the second sentence of the statute, the provision of the statute creating the rule of evidence was unconstitutional. *Held:* G.S. 15-179 does not authorize the State to appeal from the judgment of nonsuit.

HIGGINS, J., dissenting.

PLESS, J., joins in this dissenting opinion.

APPEAL by the State from *Hubbard, J.,* March 1966 Criminal Session of GATES.

Criminal prosecutions on warrants, tried *de novo* in the superior court after appeal by defendants from convictions and judgments

of the Gates County Recorder's Court. Each of the three appellants was charged in a separate warrant. The three cases were consolidated for trial, judgment and appeal.

One warrant charges that Vaughan, on or about December 18, 1965, "did unlawfully and willfully hunt deer by aid of an artificial light after sunset and before sunrise with the aid of an artificial light on a highway, G.S. 113-104, G.S. 113-109, against the form of the Statute," etc. In the warrants as to Catena and Smith, "G.S. 113-109" is omitted; otherwise, these warrants contain allegations identical to those in the Vaughan warrant.

Defendants having pleaded not guilty, a jury was selected, sworn and empaneled.

The State offered evidence which, in brief summary, tends to show: The car occupied by the three defendants entered North Carolina from Virginia and parked on the highway next to a rye grain field. Someone in the car raked the field at least twice with a strong light that threw a beam more than fifty feet. A loaded rifle and several hunting knives were in the car. A quilt and deer hair were in the trunk (boot) of the car. The incident occurred shortly after midnight.

At the conclusion of the State's evidence, defendants moved for judgment as in case of nonsuit. The record shows: "The Court ruled that the State proved a *prima facie* case pursuant to G.S. 113-109(b), but holds that said Section establishes a standard for a *prima facie* case that is so vague as to render it unconstitutional. As to each defendant the motion is allowed."

The State excepted "(t)o the entry of the foregoing judgment in each case," and gave notice of appeal.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Jones, Jones & Jones for defendant appellees.*

BOBBITT, J.  G.S. 113-109(b) provides: "Any person who takes or attempts to take deer between sunset and sunrise with the aid of a spotlight or other artificial light on any highway or in any field, woodland, or forest, in violation of this article shall, upon conviction, be fined not less than two hundred fifty dollars ($250.00) or imprisoned for not less than ninety days. The flashing or display of any artificial light from any highway or public or private driveway so that the beam thereof is visible for a distance of as much as fifty feet from such highway or public or private driveway, or such flashing or display of such artificial light at any place off such highway or driveway, when such acts are accompanied by the possession of

firearms or bow and arrow during the hours between sunset and sunrise, except as authorized herein for the hunting of raccoons, opossums, or frogs, shall constitute *prima facie* evidence of a violation of the provisions of the preceding sentence."

The warrants on which these criminal prosecutions are based charge the criminal offense created by and defined in the first sentence of G.S. 113-109(b). The validity of this first sentence of G.S. 113-109(b) is not questioned by Judge Hubbard's ruling or by defendants on constitutional grounds or otherwise.

"(J)eopardy attaches when a defendant in a criminal prosecution is placed on trial: (1) On a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn to make true deliverance in the case." *S. v. Bell,* 205 N.C. 225, 171 S.E. 50; *S. v. Crocker,* 239 N.C. 446, 80 S.E. 2d 243; *S. v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838. Unquestionably, jeopardy attached as to each of these defendants in respect of the criminal offense created and defined in the first sentence of G.S. 113-109(b) and charged in each of the three warrants. The judgments as in case of nonsuit were entered on the ground the evidence offered by the State was insufficient to warrant submission to the jury and to support verdicts of guilty.

Our first question is whether the judgment is one from which an appeal may be taken by the State.

Whether the State's evidence, independent of the second sentence of G.S. 113-109(b), was sufficient to warrant submission to the jury, is not before us. The only reasonable interpretation of Judge Hubbard's ruling is that he considered the evidence insufficient to withstand defendants' said motions unless the State was entitled to go to the jury under the rule as to *prima facie* evidence stated in the second sentence of G.S. 113-109(b). This second sentence, purporting to establish a rule of evidence, was declared unconstitutional by Judge Hubbard.

A motion for judgment as in case of nonsuit challenges the sufficiency of the State's evidence to warrant its submission to the jury and to support a verdict of guilty of the criminal offense charged in the warrant or indictment on which the prosecution is based. When the motion is allowed, and judgment is entered in accordance therewith, "such judgment shall have the force and effect of a verdict of 'not guilty' as to such defendant" as to the criminal offense charged in the warrant or indictment. G.S. 15-173; *S. v. Stinson,* 263 N.C. 283, 139 S.E. 2d 558.

G.S. 15-179 provides that, where judgment has been given for the defendant in a criminal action, an appeal may be taken by the

State in the cases specified therein *and no other*. It contains no provision authorizing an appeal by the State from a judgment as in case of nonsuit. The State contends its appeal from said judgments as in case of nonsuit is authorized by the 1945 amendment (Session Laws of 1945, Chapter 701) of G.S. 15-179. G.S. 15-179, as amended in 1945, provides that an appeal may be taken by the State when judgment has been given for the defendant "6. Upon declaring a statute unconstitutional."

In 4 Am. Jur. 2d, Appeal and Error § 268, these statements appear: "As a general rule the prosecution cannot appeal or bring error proceedings from a judgment in favor of the defendant in a criminal case, in the absence of a statute clearly conferring that right." Again: "Statutes authorizing an appeal by the prosecution will be strictly construed." In 24 C.J.S., Criminal Law § 1659(a), pp. 1028-1029, this statement appears: "While there is authority holding that statutes granting the state a right of review should be liberally construed, it is generally held that, being in derogation of the common law, they should be strictly construed, and that the authority conferred thereby should not be enlarged by construction."

In *S. v. Mitchell*, 225 N.C. 42, 33 S.E. 2d 134, this Court dismissed an appeal by the State where judgment had been given for the defendant on the ground the statute purporting to create and to define the purported criminal offense on which the prosecution was based was unconstitutional. It has been stated that the decision in *Mitchell* "prompted the legislature to enact subsection 15-179(6) granting appeal in all such cases." "Criminal Law—The Right of the State to Appeal in Criminal Cases," 42 N.C.L.R. 887, 902. The decision in *Mitchell* was filed *(per curiam* opinion) on February 28, 1945; and the 1945 Act, amending G.S. 15-179, was ratified March 17, 1945. Our research discloses the bill for the enactment of the provision now constituting G.S. 15-179(6) was introduced in the General Assembly (Senate) on February 13, 1945. 1945 Senate Journal, p. 166; Institute of Government's Daily Legislative Bulletin, No. 36, February 13, 1945. Hence, there is uncertainty as to the exact relationship between the *Mitchell* decision and the 1945 Act.

In our view, the General Assembly, by said 1945 amendment, intended to give the State the right to appeal when a criminal action is dismissed on the ground the statute purporting to create and to define the purported criminal offense on which the prosecution is based is unconstitutional and therefore affords no basis for such prosecution. Here, defendants were put in jeopardy in respect of the criminal offense charged in the warrants. The judgments were entered on the ground the evidence was insufficient to support convictions. In our opinion, and we so hold, said 1945 amendment to

G.S. 15-179 does not authorize an appeal by the State from a judgment as in case of nonsuit notwithstanding such judgment is based *in part* upon a ruling that a statute purporting to create *a rule of evidence* is unconstitutional.

Having reached the conclusion that the State's appeal must be dismissed, we do not discuss whether the second sentence of G.S. 113-109(b) is invalid on constitutional grounds or otherwise.

Appeal dismissed.

HIGGINS, J., dissenting. I am unable to agree with that part of the opinion which states: "The judgments as in case of nonsuit were entered on the ground the evidence offered by the State was insufficient to warrant submission to the jury and to support the verdicts of guilty." Of course, if such were the case, the State ordinarily would not have the right of appeal and the appeal should be dismissed. Here is the judgment according to the record: "The court ruled that the State proved a *prima facie* case pursuant to G.S. 113-109(b), *but holds that said section establishes a standard* for a *prima facie* case that is so vague as to render it unconstitutional. As to each defendant the motion is allowed." (emphasis added.) What did Judge Hubbard hold was unconstitutional? Unquestionably, to me at least, he held G.S. 113-109(b) unconstitutional upon the ground of vagueness in that part of the statute relating to a *prima facie* case. Such seems to me to be the plain and inescapable meaning of the judgment. Judge Hubbard dismissed the cases because of the unconstitutionality of the Act, or part of the Act. What difference does it make whether the statute goes out because it is unconstitutional in part or in toto?

The Congress and the Legislatures have power to prescribe what facts or group of facts shall be considered evidence of the existence of the ultimate fact of guilt. The ultimate fact of guilt is usually a conclusion from other facts. However, the Federal and State Constitutions prescribe limits which the Congress and the Legislatures may not transgress. These limits cannot go beyond due process. *Tot v. U. S.*, 319 U.S. 463; 12 Am. Jur., Constitutional Law, § 552; 20 Am. Jur., Evidence, §§ 9 and 11; *State v. Hales*, 256 N.C. 27, 122 S.E. 2d 768; *State v. Scoggin*, 236 N.C. 1, 72 S.E. 2d 97.

When a criminal Act of the Legislature is held unconstitutional by the trial court, the State may appeal. G.S. 15-179(6). The effect of the Court's opinion in this case is to say that although Judge Hubbard held the Act (or part of the Act) unconstitutional, the State cannot appeal; and solely upon that ground he undertook to dismiss the case. How could the State ever appeal when a defendant is discharged because of the unconstitutionality of a statute?

Frankly, I am inclined to believe that under the authorities the Legislature was within its power when it fixed (in addition to G.S. 113-109(b)) the facts which make out a *prima facie* case. *Washington v. Person,* 352 P. 2d 189. I am not in favor of dismissing this case without facing up to the constitutional question involved, and I vote against dismissing the appeal.

PLESS, J., joins in the dissenting opinion.