STATE OF NORTH CAROLINA v. SPENCER L. HARRELL

No. 4

(Filed 13 October 1971)

1. Criminal Law § 13; Courts § 14— jurisdiction of district court judge — misdemeanor judgment

A judge of the district court had jurisdiction to enter judgment finding a defendant not guilty of a misdemeanor. N. C. Constitution, Art. IV, § 12(4); G.S. 7A-272.

2. Criminal Law § 149— right of State to appeal — judgment declaring statute unconstitutional and defendant not guilty

Although the State has the right to appeal from a judgment declaring unconstitutional the criminal statute under which a defendant is charged, the State could not appeal from a judgment which both declared a statute unconstitutional and found the defendant "not guilty." G.S. 15-179.

3. Criminal Law § 18— jurisdiction of superior court — appeal by the State from the district court

   Where the State had no right to appeal from the district court to the superior court in a criminal case, the superior court did not have jurisdiction of the case and its granting of defendant's motion to quash was without effect.

   Justice HUSKINS dissenting.

   Justices LAKE and BRANCH join in dissenting opinion.

APPEAL by the State from *Hubbard, J.,* December 1970 Session of MARTIN Superior Court.

Defendant was charged in a warrant with the violation of G.S. 44-12, which provides:

> "Contractor failing to furnish statement, or not applying owner's payments to laborer's claims, misdemeanor.— If any contractor or architect shall fail to furnish to the owner an itemized statement of the sums due to every one of the laborers, mechanics or artisans employed by him, or the amount due for materials, before receiving any part of the contract price, he shall be guilty of a misdemeanor. If any contractor shall fail to apply the contract price paid him by the owner or his agent to the payment of bills for labor and material, he shall be guilty of a misdemeanor and upon conviction thereof shall be fined or imprisoned, or both, at the discretion of the court."

At the trial in District Court on 14 September 1970, Hallet S. Ward, Judge Presiding, entered judgment as follows:

> "The Court finds that the State offered evidence sufficient to convict the defendant upon the charges set out in the warrant. The Court, however, is of the opinion that Section 44-12 of the General Statutes of North Carolina is unconstitutional, and therefore void. The defendant was found not guilty and discharged."

The State appealed and Howard H. Hubbard, Judge Presiding at the 11 December 1970 Session of the Superior Court of Martin County, allowed defendant's motion to quash. The State gave notice of appeal to the Court of Appeals.

We allowed petition for *certiorari* to the North Carolina Court of Appeals prior to determination by order entered 23 April 1971.

---

State v. Harrell

---

*Attorney General Robert Morgan and Staff Attorney William Lewis Sauls for the State.*

*E. S. Peel, Sr., for defendant appellee.*

MOORE, Justice.

[1] In the judgment entered in the District Court, Judge Ward states, "The defendant was found *not guilty and discharged.*" (Emphasis added.) A violation of G.S. 44-12 is a misdemeanor and the District Court has exclusive jurisdiction over all misdemeanors except as specified in G.S. 7A-271. None of the exceptions apply in this case. North Carolina Constitution, Article IV § 12(4); G.S. 7A-272; *State v. Wall,* 271 N.C. 675, 157 S.E. 2d 363 (1967). Judge Ward had jurisdiction to enter final judgment.

[2] Our first question is whether the judgment entered by Judge Ward is one from which an appeal may be taken. G.S. 15-179 provides:

> "When State may appeal.—An appeal to the appellate division or superior court may be taken by the State in the following cases, and no other. Where judgment has been given for the defendant—
>
>      *      *      *
>
> "(6) Upon declaring a statute unconstitutional."

It may be that Judge Ward in the instant case only intended to declare the statute unconstitutional. However, he went further and found the defendant "not guilty" and discharged him. It is axiomatic that the record which is certified to us imports verity and we are bound by it. *State v. Duncan,* 270 N.C. 241, 154 S.E. 2d 53 (1967); *State v. Dee,* 214 N.C. 509, 199 S.E. 730 (1938); 3 Strong, N. C. Index 2d, Criminal Law § 158, p. 107.

As said in *State v. Vaughan,* 268 N.C. 105, 108, 150 S.E. 2d 31, 33 (1966):

> " In 4 Am. Jur. 2d, Appeal and Error § 268, these statements appear: 'As a general rule the prosecution cannot appeal or bring error proceedings from a judgment in favor of the defendant in a criminal case, in the absence of a statute clearly conferring that right.' Again: 'Statutes

authorizing an appeal by the prosecution will be strictly construed.' In 24 C.J.S., Criminal Law § 1659(a), pp. 1028-1029, this statement appears: 'While there is authority holding that statutes granting the state a right of review should be liberally construed, it is generally held that, being in derogation of the common law, they should be strictly construed, and that the authority conferred thereby should not be enlarged by construction.' "

In our view G.S. 15-179(6) gives the State the right to appeal when a criminal action is dismissed on the ground the statute purporting to create and to define the purported criminal offense on which the prosecution is based is unconstitutional and therefore affords no basis for such prosecution. It is our opinion and we so hold that this statute does not go further and give the State the right to appeal from a judgment of "not guilty" notwithstanding the finding that the judgment is based in part on a finding that the statute under which defendant is charged is unconstitutional. *State v. Vaughan, supra.*

[3]   In the trial in Superior Court defendant moved to quash on the grounds that G.S. 44-12 is unconstitutional. The court granted the motion, holding that the following portion of the statute is unconstitutional:

"If any contractor shall fail to apply the contract price paid him by the owner or his agent to the payment of bills for labor and material, he shall be guilty of a misdemeanor and upon conviction thereof shall be fined or imprisoned or both, at the discretion of the Court."

If the Superior Court had had jurisdiction, the motion to quash would have effectively presented the question of the constitutionality of the statute, and the State could have appealed a judgment declaring it unconstitutional. G.S. 15-179. However, since the judgment in the District Court found the defendant "not guilty" and discharged him, the appeal by the State was improvidently entered and nothing was before the Superior Court. The appeal should have been dismissed. G.S. 15-179.

Having reached the conclusion that the State's appeal must be dismissed, we do not discuss whether the portion of G.S.

44-12 set out in Judge Hubbard's judgment is unconstitutional. *State v. Jones,* 242 N.C. 563, 89 S.E. 2d 129 (1955).

Appeal dismissed.

Justice HUSKINS dissenting.

It is perfectly apparent, to me at least, that Judge Ward found defendant "not guilty" and discharged him on the ground that G.S. 44-12 was unconstitutional. This conclusion is buttressed by the wording of the judgment itself which states: "The Court finds that the State offered evidence sufficient to convict the defendant upon the charges set out in the warrant. The Court, however, is of the opinion that Section 44.12 of the General Statutes of North Carolina is unconstitutional, and therefore void." But for the judge's notion that the statute was unconstitutional, Judge Ward would have found defendant guilty. G.S. 15-179(6) authorizes the State to appeal where judgment has been given for the defendant "upon declaring a statute unconstitutional." I would therefore hold that the case was properly before Judge Hubbard on appeal by the State to the superior court and that Judge Hubbard's judgment is properly before this Court for review since he also held the quoted portion of G.S. 44-12 unconstitutional.

The guilt or innocence of this defendant has not been decided on the merits in either the district court or the superior court. The majority opinion gives him the benefit of an acquittal to which he is not entitled.

In my view the penalty provisions in G.S. 44-12 are constitutional. The sums due the contractor, when paid to him by the owner, constitute a fund which is held in trust by the contractor for the materialmen and laborers to the extent of their claims and until their claims are paid. As to them, the contractor stands in the relationship of trustee; and when he converts the money to his own use without paying the persons performing labor or furnishing material, he commits a fraud for which he may be prosecuted. This view is supported in principle by *Foundry Co. v. Aluminum Co.,* 172 N.C. 704, 90 S.E. 923 (1916); *State v. Harris,* 134 Minn. 35, 158 N.W. 829 (1916); and *Overstreet v. Commonwealth,* 193 Va. 104, 67

S.E. 2d 875 (1951). *See* Note, Mechanics' Liens in North Carolina, 41 N.C. L. Rev. 173 (1963).

The penalty provisions of G.S. 44-12 do not provide for imprisonment for debt. The contractor is not being punished for his indebtedness to the laborers and materialmen. Rather, he is being punished for his fraud for (1) failing to furnish the owner an itemized statement of the sums due for labor and material before receiving any part of the contract price and (2) then receiving the contract price, failing to apply it to the payment of bills for labor and material, and converting it to his own use. It is the fraudulent conduct and not the indebtedness which is made the basis of guilt under this statute. Thus, the constitutional prohibition against imprisonment for debt has no application.

Rather than dismiss this appeal on the ground stated in the majority opinion and leave the penalty provisions of G.S. 44-12 constitutionally suspect, I would hold that the case is properly here on the State's appeal and uphold the constitutionality of G.S. 44-12 in its entirety. I therefore respectfully dissent.

I am authorized to say that Justices LAKE and BRANCH join in this dissent.