STATE OF NORTH CAROLINA v. ALAN KEITH BLAND

No. 775SC476

(Filed 2 November 1977)

1. **Criminal Law § 26.2— insufficient evidence—nonsuit—attachment of jeopardy**

    Where a judgment as of nonsuit is entered in a criminal prosecution on the ground that the evidence offered by the State is insufficient to warrant submission to the jury, the defendant has been subjected to jeopardy.

2. **Weapons and Firearms— discharging firearm into occupied building—trailer fired into—no variance**

    Defendant's contention that there was a fatal variance between the indictment and proof because the State put on evidence showing that defendant discharged a firearm not into an occupied building as alleged in the indictment but into an occupied trailer is without merit, since the indictment specifically noted that the occupied building was located at 5313 Park Avenue, the address of the victim's trailer.

3. **Weapons and Firearms— discharging firearm into occupied building—lesser offenses**

    In a prosecution for discharging a firearm into an occupied building, the trial court did not err by failing to instruct on assault with a deadly weapon and assault by pointing a gun, since those are not lesser included offenses of the crime charged.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 27 January 1977, in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 20 October 1977.

Defendant appellant Bland, and Ronald Bordeaux, John Keel, and O'Neal Wright, were charged with breaking and entering, firing into an occupied building, and firing into an occupied vehicle. All defendants entered pleas of not guilty as to all charges. At trial the State put on evidence that on the night of 15 November 1976, defendant Bland and others approached a small trailer occupied at the time by Ronald Reeves and Judy Walker. Reeves testified that he heard shooting outside his trailer, that some of the shots were hitting his trailer, and that he and Walker escaped through the back door and hid in the woods. Defendant Bland was seen approaching the trailer with a stick while two other defendants were seen with guns. Reeves and Walker ran to the home of Reeves' father, and the two Reeves returned to the trailer by car and with a gun. They chased the two automobiles of defend-

ants and were fired upon. After several miles they gave up the chase and reported the incident to the Sheriff's office.

Defendant Bland offered no evidence. The jury returned a verdict against Bland of guilty of discharging a firearm into occupied property. On the charge of breaking and entering defendant was found not guilty. Defendant Bland appeals.

*Attorney General Edmisten, by Associate Attorney Christopher P. Brewer, for the State.*

*Harold P. Laing for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred by failing to grant defendant's motion to dismiss at the close of the State's evidence and at the close of all the evidence. He argues that there was a fatal variance between the indictments against defendant and the evidence adduced at his trial, and that jeopardy did not attach under either of the bills of indictment. Defendant's contention is without merit.

[1] The record shows that one indictment charged defendant with discharging a firearm into an occupied building and the second indictment charged him with discharging a firearm into an occupied 1969 Volkswagen. At the close of the State's evidence, the Court dismissed the latter charge upon motion for judgment as of nonsuit. Where a judgment as of nonsuit is entered in a criminal prosecution on the ground that the evidence offered by the State is insufficient to warrant submission to the jury, the defendant has been subjected to jeopardy. *State v. Vaughan* and *State v. Catena* and *State v. Smith*, 268 N.C. 105, 150 S.E. 2d 31 (1966).

[2] As to the first indictment, defendant argues that the State put on evidence showing that defendant discharged a firearm not into an occupied building as alleged in the indictment but into an occupied trailer. The indictment, however, specifically noted that the occupied building was located at 5313 Park Avenue, the address of the Reeves trailer in Wilmington. Under the facts, therefore, there was no fatal variance which would warrant dismissal.

Defendant also contends that the trial court incorrectly instructed the jury as to "acting in concert" and "aiding and abet-

ting." Defendant, however, points out, and in reviewing the instructions, we find, no error prejudicial to defendant.

[3] Defendant's final contention, that the court erred by failing to instruct as to lesser included offenses, namely assault with a deadly weapon and assault by pointing a gun, is also without merit. Since assault with a deadly weapon (G.S. 14-32) and assault by pointing a gun (G.S. 14-34) each involve the element of assault on a person, these two criminal offenses contain an element not essential to discharging a firearm into an occupied building and are not, therefore, lesser included offenses.

We have reviewed defendant's other contentions, and find

No error.

Chief Judge BROCK and Judge PARKER concur.