STATE OF NORTH CAROLINA v. MILTON MURRELL, JR.

No. 8121SC373

(Filed 20 October 1981)

**Criminal Law § 149.1— dismissal for insufficiency of evidence—State loses right to appeal**

    The State had no right to appeal from the trial court's dismissal of criminal charges against defendant based on (1) defendant's motion to suppress the State's evidence because of entrapment and (2) insufficiency of the evidence, since the charges were dismissed on the merits and involved a determination of guilt or innocence, G.S. 15-173, and further proceedings against defendant are barred under principles of double jeopardy. G.S. 15A-1445(a).

APPEAL by the State of North Carolina from *Mills, Judge.* Order entered 3 February 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 25 September 1981.

Defendant was tried on charges of possession of marijuana with intent to sell and sale of marijuana. Defendant produced evidence in support of his defense of entrapment. At the close of the state's evidence, defendant moved for dismissal for failure of the state to produce sufficient evidence. The motion was renewed at the close of all the evidence. From the dismissal of the charges, the state appeals.

*Attorney General Edmisten, by Associate Attorney Fred R. Gamin, for the State.*

*Graham, Glenn, Crumpler & Habegger, by Daniel S. Johnson, for defendant.*

MARTIN (Harry C.), Judge.

At the threshold we are faced with the question whether the state can appeal the dismissal of the charges. Appellee raised this question in his brief, and the state filed a reply brief.

At the close of all the evidence, the record contains the following:

> In this case wherein the defendant stands charged with the offense of Sell and Deliver Marijuana 2 counts, and Possession with Intent to Sell & Deliver 2 counts.

> It is now ORDERED:

> (xx) Other — Charges dismissed based on Defendant's oral motion to suppress the State's evidence as a matter of law based upon entrapment as a matter of law and based on Defendant's motion for directed verdict as a matter of law.

> s/ F. FETZER MILLS
> Judge Presiding

The trial court justified dismissal of the charges against defendant based on: (1) defendant's motion to suppress the state's evidence on a finding of entrapment, and (2) defendant's motion for a directed verdict as a matter of law.

The state's right of appeal in a criminal proceeding is entirely statutory; it had no such right at the common law. Statutes granting a right of appeal to the state must be strictly construed.

*State v. Harrell,* 279 N.C. 464, 183 S.E. 2d 638 (1971); *State v. Horton,* 7 N.C. App. 497, 172 S.E. 2d 887 (1970). The pertinent parts of our statute are:

> (a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division:
>
> > (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.
>
> > . . . .
>
> (b) The State may appeal an order by the superior court granting a motion to suppress as provided in G.S. 15A-979.

N.C. Gen. Stat. § 15A-1445(a)(1), (b)(1978).

Under the statute, the dismissal would be appealable by the state unless further prosecution of defendant is barred by principles of double jeopardy. We hold that defendant has been placed in jeopardy by this prosecution and further prosecution is thereby barred. *State v. Vaughan and State v. Catena and State v. Smith,* 268 N.C. 105, 150 S.E. 2d 31 (1966). There the Court held:

> "(J)eopardy attaches when a defendant in a criminal prosecution is placed on trial: (1) on a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn to make true deliverance in the case." . . .
>
> . . . .
>
> A motion for judgment as in case of nonsuit challenges the sufficiency of the State's evidence to warrant its submission to the jury and to support a verdict of guilty of the criminal offense charged in the warrant or indictment on which the prosecution is based. When the motion is allowed, and judgment is entered in accordance therewith, "such judgment shall have the force and effect of a verdict of 'not guilty' as to such defendant" as to the criminal offense charged in the warrant or indictment. G.S. 15-173 . . ..

268 N.C. at 107, 150 S.E. 2d at 32-33 (citations omitted).

In its reply brief the state relies upon *United States v. Scott,* 437 U.S. 82, 57 L.Ed. 2d 65 (1978). In *Scott* the charge against defendant was dismissed upon motion, made before and during trial, that his defense had been prejudiced by preindictment delay. The motion was granted at the close of all the evidence. Defendant did not move to dismiss based upon insufficiency of evidence. The dismissal was based solely upon preindictment delay, grounds fully unrelated to guilt or innocence. The Supreme Court held that the dismissal was appealable because further prosecutions were not barred by double jeopardy principles. *Scott* is not applicable to the case under consideration. Defendant Murrell moved to dismiss for insufficiency of the evidence and the court allowed the motion. Further proceedings against Murrell are barred as the case was dismissed on the merits and did involve a determination of guilt or innocence. Moreover, under N.C.G.S. 15-173 a dismissal based on lack of evidence has the effect of a verdict of not guilty. The Supreme Court, in the absence of a statute, announced the same rule in *Scott.*

Defendant cannot now be placed in jeopardy upon these same charges. The state has no right of appeal from the judgment entered.

We recognize that had the entrapment issue been resolved upon a motion by defendant to suppress pursuant to N.C.G.S. 15A-979(c), the state could appeal. Under that procedure the issue would be determined prior to jeopardy and N.C.G.S. 15A-1445 specifically provides for appeal by the state. Such is not the case before us.

In holding that under these facts the state's right of appeal is precluded, we are not required to discuss the issue of entrapment.

Appeal dismissed.

Judges MARTIN (Robert M.) and BECTON concur.