## STATE v. DONALD CLEVELAND MIDYETTE.

### (Filed 3 May, 1967.)

**1. Criminal Law §§ 1, 15—**

A continuous series of acts by a defendant, occurring on the same date as parts of one entire plan of action, may constitute two or more separate criminal offenses, and if the offenses are separate and occur in different counties, the defendant may be tried for each in the county where it was committed.

**2. Criminal Law § 26—**

Where defendant is apprehended for speeding in one county and is pursued by the officer attempting to arrest him into another county where defendant assaults the officer attempting to arrest him, the offenses are separate, and the defendant may be tried upon indictment for violating the motor vehicle laws in the one county and indicted for resisting arrest in the other county, and the plea of double jeopardy is without merit.

**3. Criminal Law § 29—**

The fact that, four years prior to the offense with which defendant is charged, defendant had been a patient in a mental hospital, does not require the court to order a psychiatric examination of defendant in the absence of request therefor or any plea of insanity.

**4. Criminal Law § 159—**

Assignments of error not brought forward in the brief and in support of which no citation of authority or argument is given are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**5. Criminal Law § 26—**

Trial on an indictment for one offense precludes a subsequent indictment for the same offense or any offense included within the first of which defendant might have been convicted under the first, or for any offense which the State, by averments in the indictment, elects to make in its entirety an essential element of the offense charged.

**6. Same—**

Two indictments were returned against defendant, the first charging an assault with a deadly weapon, a .22 caliber pistol, upon a named person, a police officer, with intent to kill, inflicting serious injuries not resulting in death; the second charging defendant with resisting arrest by firing and hitting the same officer with bullets from the .22 caliber pistol. *Held:* The first indictment precludes the second, since the State elected to make the second an element of the first, and judgment entered upon the second indictment is arrested.

**7. Criminal Law § 139—**

The Supreme Court may take cognizance *ex mero motu* of a defect appearing on the face of the record proper.

APPEALS by defendant from *Martin, S.J.,* at the 19 September 1966 Session of PAMLICO and from *Mintz, J.,* at the November 1966 Criminal Session of CRAVEN.

Two separate indictments, each proper in form, were returned in Pamlico County against the defendant. The first (Pamlico County Case No. 483) charged him with an assault with a deadly weapon, a .22 caliber pistol, upon W. I. Robertson, on 25 June 1966, with intent to kill, inflicting serious injuries, not resulting in death, namely, bullet wounds in the hand, and chest. The second (Pamlico County Case No. 484) charged him with resisting, delaying and obstructing a public officer, W. I. Robertson, on 25 June 1966, in the discharge of his duty, namely, attempting to arrest the defendant on a charge of operating a motor vehicle upon a public highway at a speed in excess of that allowed by law, by firing at and hitting the said officer with bullets from a .22 caliber pistol.

The two Pamlico County cases were consolidated for trial and the defendant, having pleaded not guilty to both charges, was brought to trial thereon in Pamlico County at the session beginning 19 September 1966, Martin, S.J., presiding. The defendant was found guilty of assault with a deadly weapon and was also found guilty of resisting arrest, as charged in the indictment for that offense. He was sentenced to two years in the Pamlico County jail on each offense, the sentence in Case No. 484 (resisting a public officer) to commence at the expiration of the sentence in Case No. 483 (assault with a deadly weapon).

An indictment was returned in Craven County (Craven County Case No. 7534) charging the defendant, in separate counts, with three offenses in that county on the same date alleged in the Pamlico County indictments, 25 June 1966, these being driving a motor vehicle upon the public highways carelessly and heedlessly and in wilful and wanton disregard for the rights and safety of others, driving a motor vehicle upon the public highways of the county at a speed in excess of that allowed by law, to wit, 65 miles per hour in a 55 mile per hour speed zone, and failing to stop the motor vehicle which he was operating upon a public highway upon the approach of a police vehicle giving audible signal by siren. The defendant, having pleaded not guilty to each of these charges, was brought to trial in the Superior Court of Craven County at the 14 November 1966 Criminal Session, Mintz, J., presiding. He was found guilty as charged. He was sentenced to confinement in the Craven County jail for four months upon the first charge, 30 days upon the second and 30 days upon the third, these sentences to run consecutively, but each to be suspended upon the payment of $250 and costs, $100 and $50, respectively.

In due time the defendant gave notice of appeal from each of the foregoing judgments to this Court. He has undertaken to present

his appeals in both cases to this Court in a single record, has filed a single brief dealing with both and has presented oral argument dealing with both simultaneously. The record contains neither the evidence nor the charge of the court to the jury in the Craven County case.

The only assignment of error with reference to the Craven County case is that it should have been consolidated with the Pamlico County cases and tried in that county, being a part of the "overall offenses for which defendant was tried in Pamlico County." The record indicates no such motion in either court below. In his brief, the appellant asserts that the judgment in the Craven County case should be arrested on the ground that it violates the constitutional protection against double jeopardy.

The evidence in the Pamlico County case may be summarized as follows:

*The State's Evidence:* W. I. Robertson is a State Highway patrolman. On 25 June 1966, he was operating a radar device for checking speeds of motor vehicles in Craven County. With this device he observed that the defendant's vehicle was being operated upon a public highway in Craven County at a speed of 65 miles per hour, the maximum lawful speed being 55 miles per hour. He turned on his blue light and his siren and followed the car, which stopped. The defendant, who was the driver, got out. A conversation ensued. The officer told the defendant he was under arrest for speeding and placed his hand upon the defendant's arm. Thereupon, the defendant jerked back, jumped into his car and drove away. The officer pursued him in the patrol car, with the blue light flashing and the siren sounding. The chase proceeded over various roads in Craven and Pamlico Counties, with numerous unsuccessful efforts by the officer to bring the defendant to a halt. Eventually, the defendant drove into the driveway of his home in Pamlico County and stopped. The officer, who had been in immediate pursuit throughout, stopped in the driveway directly behind the defendant. The defendant got out of his car and walked to the back door of the house. The officer followed and again told the defendant he was under arrest for speeding. The defendant, with an oath, shoved the officer away. Thereupon, the officer struck him with a blackjack. The defendant then shot the officer in the chest with a .22 caliber pistol, the bullet passing almost entirely through the officer's body. An exchange of shots then occurred in which the officer was shot again in the hand and the defendant was shot in the leg. Eventually, both pistols being emptied, the officer succeeded in arresting the defend-

ant, placing him in the patrol car and carrying him to a point at which other officers came to his assistance.

*Defendant's Evidence:* Upon hearing the siren, he stopped. A man who "looked like a patrolman," being in uniform, came to his car and asked for his driver's license and registration card. The defendant said, "Let me see yours." Thereupon, the other man struck the defendant with a blackjack. The defendant, being dazed, got in his car and drove away. He was scared to stop until he reached his home. There, the patrolman again struck him with a blackjack and dazed him. He remembers reaching for his gun, which was in the glove compartment of his car, but does not remember shooting it. It was not until they reached the defendant's residence that the officer told him he was under arrest. At that time he told the defendant if he did not get in the patrol car he would kill him. At no time did the defendant exceed a speed of 55 miles per hour. Four years prior to this occurrence, the defendant was a patient in Dorothea Dix Hospital, the State hospital for the insane, for two months. He had been arrested many times before this occurrence.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*Charles L. Abernethy, Jr., for defendant appellant.*

LAKE, J. In his presentation of these appeals, the defendant has disregarded the rules of this Court in respects too numerous to mention. We have, nevertheless, considered each of his assignments of error and his contentions in his brief and oral argument.

The indictment in Craven County Case No. 7534 alleges that the offenses therein charged were committed in that county. It was, therefore, the proper venue for the trial thereof. G.S. 15-134. The defendant contends in his brief that his trial and conviction in Craven County, following his trial and conviction in Pamlico County, was a violation of his constitutional right not to be put twice in jeopardy for the same offense. It is elementary that a continuous series of acts by a defendant, all occurring on the same date and as parts of one entire plan of action, may constitute two or more separate criminal offenses. *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44. These may occur in different counties and the defendant may be tried for each in the county where it was committed. See *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216.

As to the Pamlico County judgment, the defendant makes 34 assignments of error, but the entire record contains only four exceptions, two with reference to the admission of evidence, which

was competent, and two to the denial of the defendant's motions for judgment of nonsuit.

As to the contention in the defendant's brief that the trial judge should have continued the trial of the Pamlico County cases and ordered a psychiatric examination of the defendant, it is sufficient to note that there was no such request by the defendant and no evidence to show that, at the time of his trial, he lacked sufficient mental capacity to plead to the indictment or to stand trial on the charges therein. The record does not show a plea of insanity as a defense or any evidence to support such a plea. He was represented by counsel. The fact that, four years prior to the offense with which he is charged, the defendant had been a patient in a mental hospital does not require the court to order a psychiatric examination in the absence of a request therefor or of any plea of insanity.

The assignments of error relating to the court's charge in the Pamlico cases are not brought forward in the brief and supported therein by any citation of authority or argument. They are, therefore, deemed abandoned by the defendant. Rule 28, Rules of Practice in the Supreme Court. In this he was well advised for these assignments of error are without merit.

The defendant was convicted and sentenced in Pamlico County Case No. 483 for the crime of assault with a deadly weapon upon W. I. Robertson, on 25 June 1966, by shooting him with a .22 caliber pistol. He could not thereafter be lawfully indicted, convicted and sentenced a second time for that offense, or for any other offense of which it, in its entirety, is an essential element. State v. Birckhead, 256 N.C. 494, 497, 124 S.E. 2d 838, 6 A.L.R. 3rd 888.

By the allegations it elects to make in an indictment, the State may make one offense an essential element of another, though it is not inherently so, as where an indictment for murder charges that the murder was committed in the perpetration of a robbery. In such case, a showing that the defendant has been previously convicted, or acquitted, of the robbery so charged will bar his prosecution under the murder indictment. State v. Bell, 205 N.C. 225, 171 S.E. 50. In State v. Overman, supra, we said:

"Where * * * the prosecution, under the second indictment, proceeds upon the theory that the offense charged therein was committed by means of another offense for which the defendant has previously been put in jeopardy, as where an indictment for murder charges that the murder was committed in the commission of another felony, for which the defendant has been previously tried and acquitted, the State has made the first al-

leged offense an element of the second and the defense of former jeopardy bars the subsequent prosecution." (Emphasis added.)

Conviction upon the former charge would, of course, lead to the same result.

In the present instance, the State has, by the allegations in the indictment in Pamlico County Case No. 484, made the identical assault for which the defendant was convicted in Case No. 483, an element of the offense, resistance of a public officer, charged in the second indictment. It has alleged this same assault was the means by which the officer was resisted. Under this indictment, the State could not convict the defendant of resistance of a public officer in the performance of his duty without proving the defendant guilty of the exact offense for which he has been convicted and sentenced in Case No. 483, the shooting of W. I. Robertson with bullets from a .22 caliber pistol on 25 June 1966.

What the State cannot do by separate indictments returned successively and tried successively, it cannot do by separate indictments returned simultaneously and consolidated for simultaneous trial.

The defendant has not raised this question. However, the error in Pamlico Case No. 484 appears on the face of the record proper and, on our own motion, we arrest the judgment in that case.

There is no merit in any of the defendant's exceptions, assignments of error or contentions with respect to Pamlico County Case No. 483 and no error in the judgment with respect to that case.

There is likewise no error in the judgment of the Superior Court of Craven County in its Case No. 7534.

Craven County Case No. 7534 — No error.

Pamlico County Case No. 483 — No error.

Pamlico County Case No. 484 — Judgment arrested.