STATE OF NORTH CAROLINA v. WILTON CEE JOYNER

No. 758SC112

(Filed 2 July 1975)

1. **Constitutional Law § 32— waiver of rights by defendant**

    The trial court did not err in failing to determine whether defendant knowingly and voluntarily waived his right to counsel where defendant signed a written waiver of counsel, the judge certified that defendant was informed of his rights and waived them, and prior to arraignment the trial judge again advised defendant in open court that if defendant could not afford counsel then the court would appoint counsel if defendant so desired.

2. **Criminal Law § 22; Jury § 1— plea changed to not guilty after jury impaneled**

    Where, after the jury was selected and impaneled, the trial court allowed defendant to withdraw his plea of guilty and plead not guilty to the charge of failing to stop for a siren, defendant cannot for the first time on appeal complain that the jury had not been selected and impaneled to try him for that particular offense.

3. **Criminal Law § 15— continuing offenses — commission in two counties — instruction proper**

    Where warrants alleged that the offenses charged therein were committed in Lenoir County, the trial court did not err in charging the jury that, if defendant committed such offenses on the public high-

ways of either Lenoir or Greene County, then he could be found guilty, since defendant's continuous acts of speeding, reckless driving, and failing to heed a siren constituted three offenses against the State which did not become six offenses simply by crossing the dividing line between the two counties.

**4. Automobiles § 131— failing to stop at accident — erroneous instruction**

Defendant is entitled to a new trial where the warrant alleged that he left the scene of an accident involving an automobile operated by defendant and a deputy sheriff's automobile driven by Deputy Sheriff Charles R. Jones, but the charge of the court erroneously permitted the jury to find defendant guilty of the offense if they found beyond a reasonable doubt that defendant was involved in an accident with an N. C. Highway Patrol automobile being operated by Patrolman Early.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 23 October 1974 in Superior Court, LENOIR County. Heard in the Court of Appeals 10 April 1975.

Defendant was charged in warrants with the following offenses: (1) failing to stop his vehicle upon the approach of a police vehicle giving an audible warning by siren in Case No. 74CR8710; (2) leaving the scene of a collision, involving a motor vehicle operated by defendant, without giving his name, address, operator's license number, and registration number in Case No. 74CR8711; (3) reckless driving in Case No. 74CR8712A; (4) driving ninety miles per hour in a fifty-five mile-per-hour speed zone in Case No. 74CR8712B.

Defendant entered pleas of not guilty to each charge and the cases were consolidated for trial.

State's evidence tended to show that on 22 September 1974 Patrolman Ray H. Early of the North Carolina State Highway Patrol was traveling on Queen Street in La Grange, Lenoir County. He commenced pursuit of a car which had failed to dim its lights. During an ensuing high speed chase, the car was clocked at ninety miles per hour and observed to disregard several stop signs. A collision occurred involving defendant's car, the patrol car, and a sheriff's department car which had joined in the chase. Defendant fled the scene of the collision and was pursued by cars from the sheriff departments of Lenoir and Greene Counties through parts of Lenoir and Greene Counties. Two more collisions occurred before defendant was apprehended in front of the Lenoir County Courthouse.

Defendant testified that he did not hear a siren and that he increased his speed. He noticed "lights" coming and panicked.

He then heard a siren and was afraid to stop. According to him, some shots were fired at his car after one of the collisions, and he decided to drive to the Lenoir County Courthouse. At the courthouse he was placed under arrest.

The jury found defendant guilty of each charge, and from judgments imposed thereon, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Herbert B. Hulse and George F. Taylor, for defendant appellant.*

MARTIN, Judge.

[1] In his first assignment of error defendant contends that the trial court erred in failing to determine whether defendant knowingly and voluntarily waived his right to counsel. The record contains the following waiver of counsel:

"WAIVER OF RIGHT TO HAVE ASSIGNED COUNSEL

The undersigned represents to the Court that he has been informed of the charges against him, the nature thereof, and the statutory punishment therefor, or the nature of the proceeding, of the right to assignment of counsel, and the consequences of a waiver, all of which he fully understands. The undersigned now states to the Court that he does not desire the assignment of counsel, expressly waives the same and desires to appear in all respects in his own behalf, which he understands he has the right to do.

s/ WILTON CEE JOYNER

(Sworn to this 22nd day of October, 1974.)

CERTIFICATE OF JUDGE

I hereby certify that the above named person has been fully informed in open Court of the nature of the proceeding or of the charges against him and of his right to have counsel assigned by the Court to represent him in this case; that he has elected in open Court to be tried in this case without the assignment of counsel; and that he has executed the above waiver in my presence after its meaning and effect have been fully explained to him.

This the 22nd day of October, 1974.

s/ ROBERT D. ROUSE, JR.
Signature of Judge"

Prior to arraignment, the trial judge again advised defendant in open court that if defendant could not afford counsel then the court would appoint counsel if defendant so desired. Defendant replied, "Well I choose just to tell what happened." This assignment of error is without merit. *See State v. Watson,* 21 N.C. App. 374, 204 S.E. 2d 537 (1974).

[2] Upon arraignment, defendant pleaded not guilty to three of the charges and pleaded guilty to the remaining charge of failing to stop for a siren. After the jury was selected and impaneled, the trial court allowed defendant to withdraw his plea of guilty and plead not guilty. On appeal and for the first time, defendant complains that the jury had not been selected and impaneled to try the charge of failing to stop for a siren.

A defendant may retract his plea of guilty and enter a plea of not guilty, but such retraction is not a matter of right. It is addressed to the sound discretion of the trial court. *State v. McClure,* 280 N.C. 288, 185 S.E. 2d 693 (1972). Defendant was obviously satisfied with the jury. His plea of guilty was changed at his own request, and he now attempts to take advantage of the resulting irregularity. His objection to the jury comes too late. Furthermore, no prejudice has been shown. This assignment of error is overruled.

[3] Warrants Nos. 74CR8710, 74CR8712A, and 74CR8712B allege that the offenses charged therein were committed in Lenoir County. In its charge to the jury on each of these offenses, the trial court instructed that if defendant committed such offenses on the public highways of either Lenoir or Greene County, then he could be found guilty.

Defendant takes exception to the charge in this regard and contends that the issue of his violation of any law in Greene County was not properly before the jury. He claims that the State has the burden to prove that the offenses were committed in Lenoir County; that it is impossible to determine whether the jury found defendant guilty based upon his conduct in Lenoir County or his conduct in Greene County; and that he is still subject to prosecution in Greene County.

State v. Joyner

We find no error in the court's charge. Defendant was chased continuously through parts of Lenoir and Greene Counties. His act of speeding, for example, was in violation of a state statute and would ordinarily constitute only one offense. It did not become two separate offenses of speeding simply by crossing the dividing line between the two counties.

Admittedly, there are circumstances under which a continuous series of acts by a defendant, all occurring on the same date as parts of one entire plan of action, may constitute two or more separate criminal offenses such that if they occur in different counties, a defendant may be tried for each in the county where it was committed. State v. Midyette, 270 N.C. 229, 154 S.E. 2d 66 (1967). However, here defendant's continuous act of speeding in violation of a state statute constituted only one offense against the state, so that a conviction in Lenoir County would bar further prosecution for the same offense in Greene County. Lenoir County and Greene County were merely units of venue, and if acts constituting part of the commission of the speeding offense occurred in both counties, then each had concurrent venue. Lenoir County, being the first county in which criminal action was taken, became the county with exclusive venue.

The foregoing reasoning applies with equal force to the offenses charged in Warrants Nos. 74CR8710 and 74CR8712A.

[4] Warrant No. 74CR8711 alleges that defendant did unlawfully and wilfully leave the scene of a collision involving an automobile operated by defendant and a deputy sheriff's automobile driven by Deputy Sheriff Charles R. Jones. The charge of the court erroneously permits the jury to find defendant guilty of this offense if they find beyond a reasonable doubt that defendant was involved in an accident with a North Carolina Highway Patrol automobile being operated by Patrolman Early. Defendant is awarded a new trial in Case No. 74CR8711.

In Case No. 74CR8710—no error.

In Case No. 74CR8711—new trial.

In Case No. 74CR8712A—no error.

In Case No. 74CR8712B—no error.

Judges BRITT and HEDRICK concur.