STATE OF NORTH CAROLINA v. ERNEST RAYMOND HARDY AND DENNIS RAY HARDY

No. 773SC81

(Filed 3 August 1977)

1. **Arrest and Bail § 6.2; Assault and Battery § 15.4— assault on law enforcement officer — resisting arrest — no lesser included offense**

    In a prosecution for assaulting a police officer while the officer was attempting to discharge a duty of his office, the trial court erred in charging that resisting arrest was a lesser included offense of assault on a police officer, since the evidence in this case clearly showed that if the defendant did resist arrest it was by the same means as were charged in the assault case; however, the court's error in charging on resisting arrest was not prejudicial to defendant.

2. **Arrest and Bail § 6.2; Assault and Battery § 15.4— assault on law enforcement officer — resisting arrest — no election by State — no prejudice to State**

    Where warrants charging a defendant with assault upon a law enforcement officer in the performance of his duty and with resisting arrest charge the same conduct, and the evidence clearly shows that no line of demarcation between defendant's resistance of arrest and his assaults upon the officer can be drawn, the assaults being the means by which the resistance was accomplished, the State must elect between the duplicate charges; however, defendant was not

prejudiced in this case, though the State failed to make an election, since the trial court submitted the charges within the context of greater and lesser offenses and instructed the jury to convict defendant of one or the other of the charges but not of both, and the jury convicted defendant only of the offense carrying the lesser punishment.

APPEAL by defendants from *Webb, Judge*. Judgments entered 1 September 1976 in Superior Court, CRAVEN County. Heard in the Court of Appeals 2 June 1977.

All charges against defendants resulted from one incident. As to the incident, the State's evidence tended to show the following:

Officer Randy Hall of the Havelock Police Department was driving his patrol car on Highway 70 East on 7 May 1976 at approximately 6:00 p.m. when he observed a gold Chevrolet pass a church school bus and force it off the road. He pulled in behind the car and observed that it was weaving from side to side and "crossing the white line of the highway." The road was a 4-lane highway on which the lanes are divided by a white line. At one point, the Chevrolet ran off onto the shoulder of the road. On four other occasions, it crossed the white center line, at one time being one-half car length over the center line. The driver apparently paid no attention to the blue lights which Officer Hall turned on, but did respond to the siren and pulled over and stopped on the grass at the intersection of Highway 70 and Shepard Street.

Both Dennis and Ernest Hardy exited the vehicle, Ernest from the driver's side and Dennis from the passenger's side. Officer Hall was wearing a blue uniform with badge and firearm. Ernest Hardy stumbled as he got out of the car and walked to the back of the vehicle with his hand on the car. Officer Hall told Dennis Hardy to get back in the car, and he did. When Officer Hall asked Ernest for his driver's license and registration card, Ernest asked for a break, saying he had not had too much to drink. Hall detected a strong odor of alcohol about Ernest. He gave Hall his driver's license and returned to the car to get the registration from the glove compartment. He agreed to go through a sobriety test, but did not perform the tests adequately. Hall then told Ernest that he was placing him under arrest for driving under the influence, whereupon Ernest responded "You are not going to arrest me." Officer Hall placed his hand on Ernest's arm and told him that he would have to

go with him. Ernest jerked away, and Dennis jumped out of the car and started toward them and refused to comply with Hall's direction that he get back in the car. Ernest swung at Hall and struck his arm, and Hall grabbed him and pushed him up against the car. Dennis took Officer Hall's right arm and told him to leave his brother alone. When Hall informed Dennis that he was under arrest for obstructing an officer, Dennis jumped on Hall's back, and they started fighting.

Hall tried to get away from the two to get to his walkie-talkie but could not. Ernest and Dennis continued to strike Hall and he continued to try to get them off of him, and all three slid down in the ditch by the car. The Hardys kept telling Hall that they were going to get him and teach him a lesson. After some time, Hall was able to extricate himself long enough to get to his walkie-talkie, call Sgt. Mylette and give his location. Although cars stopped and people got out to watch, no one offered assistance. Hall ran around to the front of the Hardy car, and the brothers again started hitting him in the head, chest and arms with their fists. They again rolled in the ditch, both of them grabbing him around the head and Dennis trying to "claw" his eyes. Sgt. Mylette arrived and got Dennis Hardy off Hall, and Hall stood up. Mylette went to get Ernest, and Dennis again jumped on Hall. Hall managed to get him down on his stomach and held him there. Sgt. King arrived and helped handcuff Dennis who continued to kick and scream. As they carried him to the car, he kicked Hall and King in the chest, legs and knees. When they got him to the patrol car and tried to get him inside, he kicked Sgt. Mylette in the face. Ernest was in the car and tried to kick Dennis out as they put him in. When they finally succeeded in getting him in the car and closed the door, he tried to kick the window out, was unsuccessful, and began kicking the plexiglass shield between the front and back seats. The two men continuously screamed during the trip to New Bern. They threatened "to get the families" of the officers. At the magistrate's office, Ernest Hardy threw the warrants at the magistrate "and made some obscene remarks to him concerning the warrants." Officer Hall did not use any weapon in the fight but thought he hit Ernest Hardy in the face and learned later that Ernest Hardy suffered a fracture of the left malar bone.

Charles Strunk testified that he came upon the scene and saw a police officer and two men go in the ditch. He stopped

his car in front of the Hardy vehicle and ran to the scene. He knew Ernest Hardy and had met Dennis once or twice. Both of them were hitting Officer Hall. One of them had the officer around the throat. He yelled at them, and Dennis told him that if he didn't want the same thing he had "better get the hell out of there." At that point, Sgt. Mylette came up and yelled at them, and Ernest responded and got up. Sgt. Mylette grabbed Ernest, and Officer Hall was able to control Dennis. He had Dennis down and was sitting on his back. Strunk started to help Hall handcuff Dennis when Officer King came up. As Hall and King tried to get Dennis out of the ditch, Dennis continued kicking and yelling verbal threats.

Joe Stone, a retired Marine Corps Major, testified that when he came upon the scene, he saw Officer Hall retreating down the shoulder of the road trying to ward off Ernest and Dennis Hardy, both of whom were swinging at him and trying to kick him. By the time he got his car parked, Officer Hall was in the ditch and both the Hardys were on top of him hitting him with their fists. Officer Mylette arrived, and Stone assisted him in handcuffing Ernest. He did not see anyone using a knife or other weapon other than fists and feet. Stone also was kicked and received several small bruises.

Sgt. Mylette's testimony was substantially the same as the witnesses who preceded him with respect to the fight and the difficulty in getting the Hardys in the patrol car. He testified that when he took Ernest to the patrol car, Ernest told him that "he knew who I was and that he was going to get me one of these nights when I was working by myself and make sure that I never bothered him again."

Officer King's testimony was also substantially the same as that of Hall and Mylette. All three officers testified that they believed the threats that were made.

Deputy Sheriff Woodard met Officer Hall at the jail and assisted in getting Dennis and Ernest Hardy into the breathalyzer room. He testified that they were boisterous, hard to handle, cursing and threatening Officer Hall and his family.

Defendant Ernest Hardy testified that when Officer Hall told him he was under arrest, he grabbed his arm; that Ernest jerked away; that Hall then hit him with something beside the head as hard as he had ever been hit; that it knocked him down

and he was "knocked out for a couple of minutes"; that when he looked up his brother and Hall were over in the ditch wrestling and he got up to try to help his brother who had apparently come to his rescue when Hall hit him; that he never attempted to hit Hall until Hall hit him; that a deputy sheriff wiped his face and head after he was carried to jail; that he was released on bond the next morning and some 10 days later underwent surgery for the reduction of a fracture of the left malar bone; that he "blew 16" on the breathalyzer test; that he threw the papers in the magistrate's face because he was mad; and that when Hall was backing away from him and he was swinging at him, he was just protecting himself and his brother and was still mad.

Dennis Ray Hardy was charged with two counts of threatening a police officer (Nos. 76CR4704 and 76CR4710) and was found guilty of each. He was also charged with two counts of assaulting a police officer (Nos. 76CR4706—Officer King, and 76CR4707—Officer Mylette). As to these, the trial court, in its instructions to the jury, submitted in connection with each count the offense of resisting arrest as a lesser included offense. The jury found the defendant guilty of resisting arrest on each count. He was also charged with assaulting a police officer (No. 76CR4708—Officer Hall) and resisting arrest (No. 76CR4709—Officer Hall). As to these, the judgment recites: "In open court, the defendant appeared for trial upon the charge or charges of 76CR4708—Assault Police Officer; 76CR4709—Resisting Arrest (The two charges consolidated for trial) and thereupon entered a plea of Not Guilty." The judgment further recites that defendant was found guilty of the offense of resisting arrest.

Ernest Raymond Hardy was charged with two counts of threatening a police officer (No. 76CR4711—Officer Hall, and 76CR4713—Officer Mylette) and was found guilty of each count. He was also charged with resisting arrest (No. 76CR4712—Officer Hall) and assaulting a police officer (No. 76CR4715—Officer Hall). The judgment stated that the two charges were consolidated for trial and that defendant was found guilty of the offense of resisting arrest. In No. 76CR4714, Ernest Raymond Hardy was charged with assaulting a police officer (Officer Mylette). The trial court submitted to the jury the assault charge and resisting arrest as a lesser included offense, and the jury found defendant guilty of resisting arrest.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Ernest C. Richardson III for defendant appellant Ernest Raymond Hardy.*

*Law Offices of Alfred D. Ward, by Alfred D. Ward, Jr. and Susan E. Barco, for defendant appellant Dennis Ray Hardy.*

MORRIS, Judge.

We believe that because of the variety of charges against each defendant, clarity requires that we discuss the appeal of each defendant separately.

Dennis Hardy was charged in case No. 76CR4704 with threatening Officer King and in No. 76CR4710 with threatening Officer Hall. By his assignment of error No. 6, he challenges the sufficiency of the court's instruction to the jury, contending that the court failed adequately to apply the law to the facts. He correctly concedes that the charge is correct as to the elements of the crime of communicating a threat. We are of the opinion that the trial court adequately explained the law as it related to the facts of the case, having sufficiently recapitulated the evidence and stated the contentions of the appellant. While we would not adopt the charge as model, we think the jury was fully apprised of the law as it applied to the facts and could not have been misled. This assignment of error is overruled.

[1] In case No. 76CR4706, Dennis Hardy was charged with assaulting Officer King, and in case No. 76CR4707, he was charged with assaulting Officer Mylette. He was convicted, in each case, of resisting arrest, the trial court having charged the jury that if they found the defendant not guilty of assaulting a police officer they would then determine whether he was guilty of resisting arrest. By assignments of error Nos. 5 and 9, appellant contends that the court erred in charging that resisting arrest is a lesser included offense of assault on a police officer. Under the facts of this case, we are constrained to agree. After instructing the jury with respect to the charge of assaulting a police officer while the officer was attempting to discharge a duty of his office, a violation of G.S. 14-33(b)(4), the court instructed that if the jury did not find the defendant guilty of that offense, they should determine whether he was

guilty of resisting arrest and " . . . that differs from assaulting an officer in the performance of his duties in that you need not be satisfied beyond a reasonable doubt that the defendant Dennis Hardy assaulted C. R. King, but you would have to be satisfied beyond a reasonable doubt that he resisted, delayed, or obstructed C. R. King while C. R. King was making an arrest." Substantially similar instructions were given in No. 76CR4707 in connection with the charge of assaulting Officer Mylette. We do not discuss the question of whether resisting arrest *can*, under certain circumstances, constitute a lesser offense of assaulting a police officer in the performance of his duties, nor do we think it necessary to discuss the applicability, if any, of *State v. Summrell,* 282 N.C. 157, 192 S.E. 2d 569 (1972), to the facts here. Suffice it to say that in this case, the evidence clearly shows that if the defendant did resist arrest it was by the same means as were charged in the assault case. Evidence of resisting arrest by any other means is completely lacking, and defendant was not entitled to the charge given.

While it is our opinion that the court erred in charging on resisting arrest, we do not perceive prejudice to the defendant. As Justice Huskins said in *State v. Thacker,* 281 N.C. 447, 457, 189 S.E. 2d 145, 151 (1972), "[i]n legal fiction, if not in fact, the jury has acquitted" defendant on the assault charge which carries a maximum penalty of a fine and imprisonment for 2 years, and convicted him of an offense carrying a maximum penalty of a fine and 6 months imprisonment. We think the principles enunciated in *State v. Thacker, supra,* and *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431 (1956), are applicable here. Therefore, appellant's convictions and sentences in Nos. 76CR4706 and 76CR4707 will not be disturbed.

The two remaining charges against Dennis Hardy are No. 76CR4708, assaulting Officer Hall, and No. 76CR4709, resisting Officer Hall, in his attempt to arrest Ernest Hardy. These two offenses were submitted to the jury in the same manner. The jury was instructed that they could find the defendant guilty of assaulting Officer Hall or not guilty, and if they found him not guilty of that offense they would then consider whether he was guilty of resisting arrest. Appellant assigns this treatment by the court as error.

[2] In *State v. Kirby,* 15 N.C. App. 480, 489, 190 S.E. 2d 320, 326, *appeal dismissed,* 281 N.C. 761, 191 S.E. 2d 363 (1972), this Court said:

"We further hold that the charge of resisting an officer (of which the defendant was acquitted in district court) and the charge of assaulting a public officer while discharging or attempting to discharge a duty of his office are separate and distinct offenses and that the trial judge did not err in failing to 'merge' them. See *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967). No actual assault or force or violence is necessary to complete the offense described by G.S. 14-223. *State v. Leigh,* 278 N.C. 243, 179 S.E. 2d 708 (1971). . . . "

However, where the warrants charge the same conduct and the evidence clearly shows that "no line of demarcation between defendant's resistance of arrest and his assaults upon the officer could be drawn," *State v. Summrell, supra,* at 173, 192 S.E. 2d at 579, the assaults being the means by which the resistance was accomplished, the State must elect between the duplicate charges. *Id., See also State v. Midyette,* 270 N.C. 229, 154 S.E. 2d 66 (1967).

Here, the warrant in No. 76CR4708 charged that the defendant did "assault and strike Randy E. Hall, a law enforcement officer of Havelock Police, by fist fighting the officer." The warrant in No. 76CR4709 charged that defendant resisted, delayed, and obstructed Officer Hall "by fighting officer." The evidence was uncontradicted that if defendant was guilty of resisting, obstructing, or delaying the result was accomplished by the very same acts as constituted the alleged assault on Officer Hall. These were duplicated charges, and under *State v. Summrell, supra,* the offenses could not be submitted so as to convict defendant of both. Generally, the State should elect as to which charge it would submit to the jury. *State v. Summrell, supra.* In the case *sub judice,* however, the trial court submitted the charges within the context of greater and lesser offenses, i.e., the jury was instructed that they could find defendant guilty of assaulting Officer Hall *or* guilty of the lesser included offense of resisting arrest, or not guilty. Thus, the jury was instructed so as to convict defendant of one or the other charges but not of *both.* Therefore, the double jeopardy rationale of *Summrell* has no application to the present case. Any error the court made in this portion of the charge could not have prejudiced defendant since the jury convicted him only of the offense carrying the lesser punishment. Accordingly, the judgment as to resisting arrest will stand.

Ernest Hardy was charged with threatening Officer Hall (No. 76CR4711) and Officer Mylette (No. 76CR4713). He contends that the trial court's instructions with respect to these charges were not sufficient. His arguments and contentions are the same as those raised by Dennis Hardy. We find the charge adequate and overrule this assignment of error.

Ernest Hardy was also charged with assaulting Officer Mylette (No. 76CR4714). As to this charge, the trial court instructed the jury that if they found him not guilty of that charge they should determine whether he was guilty of resisting Officer Mylette upon substantially similar instructions as those given in Dennis Hardy's two charges of assault. For the reasons assigned there, this conviction will not be disturbed.

Ernest Hardy was also charged with assaulting Officer Hall (No. 76CR4715) and resisting Officer Hall (No. 76CR-4712). The language of the warrants was the same—"fist fighting" and "fighting." The evidence clearly showed that if he resisted he did so by the same means, and only those, that he used in the assault. The charges were merged, and the trial court instructed the jury to find defendant guilty or not guilty of assault, and if they found him not guilty of assault, to determine his guilt or innocence of the resisting charge. The jury found him guilty of resisting the officer. We see no necessity for repeating the discussion applicable to the same charges against Dennis Hardy. For the reasons stated there the conviction for resisting the officer, the conviction in No. 76CR4712, will stand.

Both defendants assign as error the court's charge on self-defense. The charges on self-defense was applicable only to the assault charge of which both were acquitted. These assignments are, therefore, overruled.

As to Dennis Hardy:

No. 76CR4704—Threatening Officer King—No error.

No. 76CR4706—Assaulting Officer King—Convicted of resisting Officer King—No error.

No. 76CR4707—Assaulting Officer Mylette—Convicted of resisting Officer Mylette—No error.

No. 76CR4709—Resisting Officer Hall—No error.

No. 76CR4710—Threatening Officer Hall—No error.

As to Ernest Hardy:

No. 76CR4711—Threatening Officer Hall—No error.

No. 76CR4712—Resisting Officer Hall—No error.

No. 76CR4713—Threatening Officer Mylette—No error.

No. 76CR4714—Assaulting Officer Mylette—Convicted of resisting Officer Mylette—No error.

Judges PARKER and CLARK concur.