STATE OF NORTH CAROLINA v. JOSEPH O. GILBERT

No. 7610SC168

(Filed 7 July 1976)

Criminal Law § 149— not guilty verdict — no right of State to appeal

Where defendant parked in a "no parking" zone in the city, failed to pay a penalty of $1.00 for such violation, and the district court entered a special verdict of not guilty on behalf of defendant, the State had no right of appeal.

APPEAL by the State from *Alvis, Judge.* Judgment entered 15 January 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 27 May 1976.

Defendant was charged in a warrant with violating Chapter 21 of the Code of the City of Raleigh by parking his Fiat automobile in a "no parking" zone on Avent Ferry Road in the City of Raleigh. Prior to the issuance of the warrant, defendant received a "Parking Citation" ticket. The citation notified defendant that if he did not pay a penalty within 48 hours, a warrant would be issued. Section 21-12(c) of the City Code provides a penalty of $1.00 for the violation with which defendant was charged. Section 21-12(g) provides that penalties paid for such parking violations shall be paid into the general fund of the City. Defendant has admitted that he parked in the prohibited area.

Defendant did not pay the penalty provided by the City Code, and the warrant upon which defendant was arraigned in

district court was issued. In district court defendant challenged the constitutionality of the procedure of initiating criminal prosecutions for only those persons who do not pay to the City the penalty provided by the City Code. The district court judge concluded that "the enforcement of the parking laws in the City of Raleigh is unconstitutional as presently applied." The district court judge then decreed as follows:

> "Now, THEREFORE, it is hereby ORDERED ADJUDGED AND DECREED that a Special Verdict of 'not guilty' be entered on behalf of defendant in this cause."

The State appealed to superior court. Upon appeal, Judge Alvis heard the case upon the record of the district court and affirmed the judgment of the district court.

The State appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey and Associate Attorney Cynthia J. Zeliff, for the State.*

*L. Philip Covington for the defendant.*

Walter L. Horton, Jr., on the *amicus curiae* brief of the City of Raleigh.

BROCK, Chief Judge.

The disposition of this appeal is governed by the principles declared in *State v. Harrell,* 279 N.C. 464, 183 S.E. 2d 638 (1971).

As in *Harrell,* it may be that the district court judge in the present case only intended to declare the City Code unconstitutional as applied. However, he went further and found defendant "not guilty." The district court had exclusive original jurisdiction of the offense for which defendant was arraigned, and the judge had jurisdiction to enter final judgment. The denomination of his verdict as a "special verdict" of not guilty does not change its real character as a general verdict of not guilty. If the district court judge had intended to rely upon his conclusion that the City Code was unconstitutional as applied, he should have so stated and dismissed the action. General Statute 15-179(6) would then have permitted the State to appeal. However, the State had no right of appeal from a verdict of not guilty.

Since the defendant was found not guilty in the district court, the attempted appeal by the State brought nothing to the superior court. Since the superior court did not acquire jurisdiction, the proceedings in the superior court are a nullity. Likewise, this Court has acquired no jurisdiction by the State's attempted appeal from the superior court.

Appeal dismissed.

Judges BRITT and MORRIS concur.