State v. Bell

---

STATE OF NORTH CAROLINA v. RUSSELL ALBERT BELL

No. 763SC950

(Filed 18 May 1977)

**Criminal Law § 149.1— verdict of not guilty — no appeal by State**

The State had no right to appeal to the superior court from a general verdict of not guilty entered in the district court although the trial judge also found that the ordinance under which defendant was charged is invalid; therefore, the superior court acquired no jurisdiction of the case, and its quashal of the warrant was a nullity.

Chief Judge BROCK concurring.

APPEAL by the State from *Webb, Judge.* Judgment entered 27 October 1976 in Superior Court, CARTERET County. Heard in the Court of Appeals 3 May 1977.

Defendant was charged with consuming beer in public in violation of Ordinance G-14 of the Town of Atlantic Beach.

In District Court on 12 May 1976 the following judgment was entered: "VERDICT: NOT GUILTY. Court rules Ordinance invalid. Appealed."

In the Superior Court the defendant moved to quash the warrant on the ground that the ordinance under which he was charged was invalid. From judgment allowing the defendant's motion to quash, the State appealed.

*Attorney General Edmisten by Assistant Attorney General James Wallace, Jr., for the State appellant.*

*A. B. Cooper, Jr., for defendant appellee.*

State v. Bell

CLARK, Judge.

The disposition of this case is governed by the principles of law declared in *State v. Harrell,* 279 N.C. 464, 183 S.E. 2d 638 (1971) (4-3).

The District Court entered a general verdict of not guilty, and the State has no right to appeal from this verdict. The Superior Court did not acquire jurisdiction of the proceedings, and the proceedings are a nullity. And this Court has acquired no jurisdiction by the purported appeal of the State from the Superior Court. See *State v. Gilbert,* 30 N.C. App. 130, 226 S.E. 2d 229 (1976).

Appeal dismissed.

Judge VAUGHN concurs.

Chief Judge BROCK concurring.

I feel that it is appropriate to point out the technical and practical reason for denying to the State a right of appeal after a general verdict of "not guilty," even though the trial court goes further and purports to rule a statute or ordinance invalid or unconstitutional. The general verdict of "not guilty" entitles the defendant to his discharge from the accusation. He cannot thereafter be prosecuted again under the same accusation or under another accusation charging the identical offense. The long-standing prohibition against double jeopardy would prevent such from being done. So far as the defendant is concerned, the charge against him has been terminated by the verdict of not guilty. Therefore, as a practical matter, what relief can the State hope to attain by appeal? There is no case upon which a new trial could be ordered, even if it should be determined that the trial judge was incorrect in his conclusion that the statute or ordinance was invalid or unconstitutional. Such an appeal would present only an academic question which would not resolve the rights of parties. This is not a proper function of the courts.

Obviously, if the trial court in the present case intended to discharge the defendant from the accusations solely on the grounds that the ordinance was invalid, it should have entered its order quashing the warrant on the grounds of the invalidity. In such case the defendant would not have been in

jeopardy, and if upon appeal the ruling of the trial court was reversed, defendant could be brought to trial upon the original accusation. However, in the present case, as in *State v. Harrell* and in *State v. Gilbert*, cited in the foregoing majority opinion, the trial court entered a verdict of "not guilty." Why this was done we do not know; we can only speculate. In any event it amounts to a judicial fact-finding determination that the State has failed to establish beyond a reasonable doubt that defendant violated the ordinance or statute. A court must have a justiciable controversy before its jurisdiction can be invoked. With a verdict of "not guilty" entered in a criminal case, there is no justiciable controversy left. In my view, after having entered the verdict of "not guilty," there was nothing further before the district court judge for resolution, and his statement "Court rules Ordinance invalid" is a nullity.